[Civ. No. 2295. First Appellate District.—April 22, 1918.]

## FLORA A. VALENTINE et al., Appellants, v. W. W. HAYES, Respondent.

NEGLIGENCE—ACTION FOR DEATH OF EMPLOYEE—CODE PROVISION APPLICABLE—INSTRUCTION.—In an action brought under section 377 of the Code of Civil Procedure by the surviving wife and children as heirs to recover damages for the death of a carpenter employed on a building in course of construction, and alleged to have been caused by the negligence of defendants, it was not error to instruct the jury that the action was properly brought under that section, and an order granting a new trial in such action on the ground that the instruction was erroneous, and that the jury should have been instructed that the action should have been brought under section 1970 of the Civil Code, and maintained for the benefit of the widow alone, instead of the widow and children, was error.

ID.—NEW TRIAL—INSUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT.—In an action to recover damages for the death of a carpenter in falling from a building on which he was employed, where the uncontradicted facts show that the accident was not caused by any improper or faulty or defective construction or dangerous place of work, but solely through the carelessness and negligence of the deceased, an order granting the defendant a new trial is sufficiently supported on the ground of the insufficiency of the evidence to justify the verdict.

ID.—ORDER GRANTING NEW TRIAL—ERRONEOUS REASON—APPEAL—SCOPE OF REVIEW.—Where a motion for a new trial is based upon several grounds, and the reason for granting the motion is erroneous, the appellate court is not concluded by such reason, but may examine

the record to determine if the new trial should have been granted on any of the grounds set forth in the notice of intention, except as to the sufficiency of the evidence, where it is conflicting.

ID.—SAFE PLACE TO WORK—MEANING OF TERM.—The word "safe" as used in connection with the duty of employers to furnish a reasonably safe place to work does not mean a place so made and guarded that it precludes all possibility of danger, but the word is a relative one, and the safety of the place is to be judged by the nature of the work.

APPEAL from an order of the Superior Court of Alameda County granting a new trial. Stanley A. Smith, Judge Presiding.

The facts are stated in the opinion of the court.

Stanley Moore, Geo. K. Ford, and Elliott Johnson, for Appellants.

Watt, Miller, Thornton & Watt, for Respondent.

KERRIGAN, J.—This is an action brought to recover the sum of fifty thousand dollars as damages for the death of one Clarence C. Valentine, caused by a fall from a building in course of construction, and alleged to have been due to the negligence of defendants. The action was instituted by Flora A. Valentine as the surviving wife, and by the other plaintiffs as surviving children of the deceased.

Defendant Bickel, the owner of the building, was made a party defendant by reason of the existence of a state statute and a city ordinance making it incumbent upon the contractors for the erection of a building of more than two stories to cover all beams and girders with flooring to prevent workmen from falling more than one floor, and upon the owner where the contractor has neglected to do so.

At the conclusion of plaintiff's case the action was dismissed as to defendant Bickel on her motion for a nonsuit, upon the ground that the evidence showed that this duty was complied with by the contractor, and that the accident occurred in a light-well where there was to be no permanent flooring. The trial then proceeded as to defendant Hayes, the contractor, and resulted in a verdict in favor of plain-

tiffs in the sum of seven thousand five hundred dollars. The action was begun and prosecuted under section 377 of the Code of Civil Procedure, which in substance provides that when the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death. The trial court so instructed the jury, and upon his motion for a new trial, defendant Hayes urged as one of his grounds in support of the motion that this instruction was erroneous, claiming that in actions for damages where the relation of master and servant existed, section 1970 of the Civil Code was the only section authorizing such action. This section gives a right of action to the widow, children, dependent parents, and dependent brothers and sisters in the order of their precedence therein stated. It was urged that this action should have been maintained for the benefit of the widow alone, and not for the benefit of the widow and children. The trial court concurred in this view of the case, and granted a new trial on the sole ground that the giving of the instruction relating to section 377 of the Code of Civil Procedure constituted error. Subsequent to the perfecting of this appeal the supreme court had occasion to pass upon this very question (*Gonsalves* v. *Petaluma etc. Ry. Co.*, 173 Cal. 264, [159 Pac. 724]) ; and it is conceded—as indeed it must be—that the later view of the law adopted by the trial court was incorrect, and that the giving of the instruction on account of which the new trial was granted did not constitute error.

The motion for a new trial, however, was based upon several grounds; and notwithstanding the reason the court below gave for granting the order, we are not concluded by such reason, but have the right from an examination of the record to investigate and determine if the new trial should have been granted upon any of the grounds set forth in the notice of intention, except as to the sufficiency of the evidence where it is conflicting. (*Thompson* v. *California Const. Co.*, 148 Cal. 35, [82 Pac. 367].)

The main ground relied on here in support of the order is the insufficiency of the evidence to justify the verdict, it being claimed that the evidence shows conclusively and with-

out conflict that the deceased met his death through no fault on the part of the defendant.

We are of the opinion that the record supports this contention. It appears from the evidence that the defendant Hayes was engaged as a contractor to construct a certain building in San Francisco for one Abby Frink Bickel, and that deceased was employed by defendant as a carpenter on such building, where he met with the accident which resulted in his death. In the construction of the building the defendant provided a system of ladders in a light-well for his employees to be used in ascending to and descending from their work. At each floor planks were run across the light-well resting on the window-sills. From these platforms ladders were run, each ladder being one floor in height, running from alternating sides of the light-well. The platforms so constructed were about two feet six inches in width, filling up the entire space in the windows between which they extended, and the boards thereof were two inches thick. The ladders resting upon these platforms were about twenty-two inches wide at the bottom and eighteen inches wide at the top. The platforms were secured by nails, and there is no evidence to show that the system adopted was not strong and substantial and reasonably safe for the purpose for which it was used. At the time deceased received the injuries resulting in his death nothing gave way or broke about the ladders or platforms. The evidence further shows that when the accident happened deceased was going down one of the ladders carrying a lot of tools, with his face outward from the ladder and his back turned thereto, and that he lost his balance and fell, receiving the injuries from which he died.

These facts are without contradiction, and conclusively show that the accident was not caused by any improper or faulty or defective construction or dangerous place of work, but solely through the carelessness and negligence of the deceased. It is true plaintiffs introduced evidence to show that the ladder from which deceased fell was not securely nailed at the top a week after the accident occurred. This testimony was objected to as being too remote, it having appeared in evidence that the ladder had been in continuous use for all of this intervening period by from fifteen to

twenty-five men daily, and might have broken loose from such use. Assuming the evidence to have been properly admitted, however, it can have no weight in the face of the positive and undisputed testimony of several witnesses to the effect that both before and after and at the very time of the accident the ladder was securely fastened.

One of the questions presented was whether or not the deceased was provided with a safe place to work.

The word "safe" as used in connection with the duty of employers to furnish a reasonably safe place to work does not mean a place so made and guarded that it precludes all possibility of danger. Many employments are in themselves dangerous; and it has been said that it involves no paradox to say that a place of danger may be safe in the proper sense of the word. (*Martin* v. *Des Moines Edison Light Co.*, 131 Iowa, 724, [106 N. W. 359].) In the construction of buildings some places must of necessity present danger. "Safe place to work" is a relative term as to which the word "reasonably" is important; and the safety of the place is to be judged by the nature of the work. (*Saversnick* v. *Schwarzchild*, 141 Mo. App. 509, [125 S. W. 1192]; *Welch* v. *Carlucci Stone Co.*, 215 Pa. St. 34, [7 Ann. Cas. 299, 64 Atl. 392].) An absolutely safe place of labor is not required of an employer. It is to be reasonably safe having regard to the character of the work itself.

In *Spivok* v. *Independent Sash & Door Co.*, 173 Cal. 438, [160 Pac. 565], it is said: "Carpenters walk freely and unhesitatingly and expect to walk over floor joists before the floor is laid. One would not look to see a cause of action for injuries occasioned by an inadvertent slip of a carpenter walking over such floor joists predicated upon the fact that the employer had not caused the floor to be laid so as to make the place of labor safe."

Here no duty was imposed upon defendant to maintain floors in the place of the accident. The evidence to our minds shows conclusively that the proximate cause of the injury was the negligence of deceased in descending the ladder in the hazardous and unusual manner in which he did with his arms filled with tools, and that this act, and not any act or omission of defendant Hayes, was the cause of the injury complained of.

For the reasons given the order granting a new trial is affirmed.                                         \

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 22, 1918.