[Civ. No. 4660. First Appellate District, Division Two.—June 10, 1924.]

## FLORA A. VALENTINE et al., Respondents, v. W. W. HAYES, Appellant.

[1] NEGLIGENCE—FALL OF CARPENTER FROM LADDER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In this action to recover damages for the death of plaintiffs' intestate resulting from a fall from a ladder while in the course of his employment ·as a carpenter, the evidence on the retrial of the case was substantially the same as on the former trial (which the appellate court, on a former appeal by plaintiffs from an order granting defendant's motion for a new trial, held insufficient to support the verdict in plaintiffs' favor) and showed unmistakably that the accident was caused by the carelessness and negligence of the deceased rather than by any negligence on the part of defendant.

[2] ID.—VARIATION FROM CUSTOM—REASONABLE SAFETY—EVIDENCE.— In such action, the mere fact that the ladders and platforms which the deceased was required to use in ascending to and descending from his work were not maintained in their usual and customary manner and place did not, of itself, prove that the place of employment was unsafe, where it was shown without dispute that the system actually used was in fact reasonably safe. (Opinion on denial of rehearing.)

(1) 26 Cyc., pp. 1447, 1456.   (2) 26 Cyc., p. 1450.

APPEAL from a judgment of the Superior Court of Alameda County.   A. F. St. Sure, Judge.   Reversed.

The facts are stated in the opinion of the court.

Miller, Thornton & Miller for Appellant.

Stanley Moore and George K. Ford for Respondents.

NOURSE, J.—This action was instituted by the widow and minor children of Clarence A. Valentine to recover damages for his death resulting from a fall from a ladder while

1. Liability of master for injury to servant by defective ladder not forming part of a structure, note, 13 L. R. A. (N. S.) 687. See, also, 16 Cal. Jur. 997, 1016; 19 Cal. Jur. 644.
2. See 16 Cal. Jur. 995; 18 R. C. L. 593.

in the course of his employment as a carpenter under the defendant Hayes during the construction of a building in the city of San Francisco. The case was tried before a jury and a verdict rendered for $7,500 in favor of the plaintiffs. Thereafter the defendant moved for and was granted a new trial upon the sole ground that the trial court had erred in giving a certain instruction to the jury. From this order granting a new trial the plaintiffs appealed to the district court of appeal, first appellate district, division one. That court held that though the ground upon which the new trial was granted was insufficient as the instruction complained of was a proper one, nevertheless, a new trial was properly granted because the evidence was insufficient to support the verdict. Thereafter the case came on for a second trial, at which time an amended complaint was filed setting forth in some greater detail the manner in which it was claimed that the place of work was unsafe. The trial was had, which resulted in a verdict for the plaintiffs in the sum of $7,500, and from the judgment following the defendant has prosecuted this appeal.

The facts of the case are clearly stated in the former opinion (*Valentine* v. *Hayes,* 37 Cal. App. 42, 45 [173 Pac. 410, 411]), from which we quote: "In the construction of the building the defendant provided a system of ladders in a light-well for his employees to be used in ascending to and descending from their work. At each floor planks were run across the light-well resting on the window-sills. From these platforms ladders were run, each ladder being one floor in height, running from alternating sides of the light-well. The platforms so constructed were about two feet six inches in width, filling up the entire space in the windows between which they extended, and the boards thereof were two inches thick. The ladders resting upon these platforms were about twenty-two inches wide at the bottom and eighteen inches wide at the top. The platforms were secured by nails, and there is no evidence to show that the system adopted was not strong and substantial and reasonably safe for the purpose for which it was used. At the time deceased received the injuries resulting in his death nothing gave way or broke about the ladders or platforms. The evidence further shows that when the accident happened deceased was going down one of the ladders carrying a lot of tools, with his

face outward from the ladder and his back turned thereto, and that he lost his balance and fell, receiving the injuries from which he died.''

Upon the second trial the respondent depended to a great extent upon the testimony of the witnesses given at the former trial and a great part of this testimony was read into the record. In addition to this, evidence was offered tending to show that the place of work was unsafe because the ladder from which the deceased fell was not constructed and maintained in the ordinary and usual manner. It was also shown that it was not customary to maintain these temporary ladders in a light-well, but that they were ordinarily constructed from floor to floor where the beams and girders were covered with flooring to protect the workmen in accordance with a state statute and city ordinance.

[1] All the evidence which was adduced at the second trial proved exactly the same facts which were before the appellate court on the former appeal. Taking all this evidence and all the inferences to be drawn therefrom as most favorable to the respondent, there is a complete failure of proof, as on the former appeal, that the accident was caused by any improper or faulty or defective construction or dangerous place of work. The case, therefore, stands as it did before—there is no evidence to prove negligence on the part of the appellant. The evidence is insufficient to support the assumption of the respondent that it was necessary for the deceased to come down the ladder in the manner in which he did. It is clear from the testimony of those present that he could have descended with his face toward the ladder, which would have enabled him to have held to the rungs of the ladder with his free hand. He was not required by reason of the construction of the ladder or by any demands of the appellant to descend in the careless manner in which he did.

From a review of the entire evidence it follows unmistakably that the accident was caused by the carelessness and negligence of the deceased rather than by any negligence on the part of the appellant. For this reason the judgment must be reversed, and it is therefore unnecessary to consider other points raised by the appellant.

Judgment reversed.

Sturtevant, J., and Langdom, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 10, 1924, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied. In their petition the respondents direct their criticism to the statement in the opinion that "there is no evidence to prove negligence on the part of the appellant." This is said to be in conflict with the former statement in the opinion that: "Evidence was offered tending to show that the place of work was unsafe because the ladder from which the deceased fell was not constructed and maintained in the ordinary and usual manner. It was also shown that it was not customary to maintain these temporary ladders in a light well, but they were ordinarily constructed from floor to floor where the beams and girders were covered. . . . " Taking these statements alone, and without reading the entire opinion they do appear to be in conflict. What we were endeavoring to show was that the case, so far as proof of negligence was concerned, was the same as that before the court on the former appeal. The evidence that the ladder was maintained in a light-well was not new but was considered on the former appeal. The new or additional evidence offered was to the effect that this was not the usual or customary method of maintaining such ladders. The testimony of a witness that a week after the accident he visited the place and discovered that one of the ladders was not securely nailed was considered in the former opinion and held to be insufficient.

In this case another court has reviewed a former judgment and the supreme court denied a transfer. The evidence was reviewed at length and held insufficient. [2] The only essential addition to the evidence then considered is that the ladder was not maintained in the usual and customary manner and place. But this does not necessarily mean that the appellant was negligent or that the place of employment was unsafe in view of the fact that it was shown without conflict that the system used was the usual one in buildings such as that under construction when the injury occurred. In other words, the mere fact that the usual custom has been departed from does not, in itself, prove that the place of employment was unsafe if the facts are without

dispute that the system actually used was in fact reasonably safe—and this we understand to be the law of the former decision.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 7, 1924.