[Civ. No. 1171. Fourth Appellate District.—July 26, 1935.]

J. H. SHAW et al., Appellants, v. J. W. ROBERTSON et al., Respondents.

Hillyer & Boldman for Appellants.

Wright, Monroe, Thomas & Glenn for Respondents.

BARNARD, P. J.—The plaintiff Pansy M. Shaw was struck by an automobile driven by the defendant Mrs. J. W. Robertson and this action for damages followed. The accident occurred on Boundary Street near its intersection with El Cajon Avenue, in the city of San Diego. El Cajon Avenue runs east and west and Boundary Street runs approximately north and south. Mrs. Shaw left the curb on the east side of Boundary at a point about forty-two feet south of the south curb line of El Cajon Avenue and walked across the street toward the front end of her husband's car, which was parked on the west side of that street about fifty feet south of the south curb line of El Cajon Avenue. About the same time Mrs. Robertson, who had been driving west on El Cajon Avenue and who had stopped at the beginning of the intersection, made a left turn and proceeded south on her right-hand side of Boundary. When Mrs. Shaw had arrived within a step or two of the front of her husband's car she was struck by the right front fender of the other automobile. The

court found that Mrs. Robertson was negligent but also found that Mrs. Shaw was guilty of contributory negligence which proximately contributed to the accident and entered a judgment for the defendants, from which the plaintiffs have appealed.

It is first contended that the evidence is not sufficient to support the court's finding to the effect that the injured appellant negligently and carelessly walked in front of the automobile and that her negligence and carelessness contributed to the accident.

Mrs. Shaw testified that just as she started to walk across the street she looked toward El Cajon Avenue and saw Mrs. Robertson's car just coming into Boundary Street at about ten or twelve miles an hour. At another time she testified that she looked toward El Cajon Avenue as she left the curb and saw the car turning at the button and that she looked again when she was half way across the street and saw that car just coming on to Boundary. She then testified that she did not have very far to go and that "I figured I had a good deal of time to get to my husband's car which was across the street. I was in the center of the street then and I kept on walking, then when I was almost to my husband's car I glanced out of the side of my eye and just as I started to look again the car struck me."

■ Where a pedestrian looks but does not see an approaching automobile or where he sees it but misjudges its speed or distance, or for some other reason assumes that he can avoid injury to himself, the question of his contributory negligence is usually one of fact and not of law (*White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086]). Section 131½, subdivision c, of the California Vehicle Act reads:

"Every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk shall yield the right of way to vehicles upon the roadway, provided that this provision shall not relieve the driver of a vehicle or the pedestrian from the duty to exercise due care."

■ Mrs. Shaw was proceeding across a city street between intersections and at a place where, under the statute, the driver of an automobile had the right of way. While it is true that this statute did not give the driver of the automobile the right to proceed without regard to her safety it is

also true that a duty rested upon her to exercise reasonable care for her own safety. It cannot be held, as a matter of law, that this injured appellant was free from contributory negligence. The question was one of fact for the trial court which has resolved the question against her:

█ It is further urged that the court erred in failing to apply the doctrine of the last clear chance. It nowhere appears that the court failed to consider this doctrine and again we cannot say, as a matter of law, that the elements necessary to prevent a recovery under that doctrine were present or that the driver of the respondent's car had an opportunity to avoid the accident after realizing that Mrs. Shaw was in a position of peril from which she was unable to extricate herself.

Mrs. Robertson testified that she was driving very slowly; that she saw Mrs. Shaw; that she slowed down and continued driving very slowly waiting for her to get across the street; that Mrs. Shaw passed a few feet in front of her car; that she swung her car to the left to go around her; that as she was swinging her car to the left Mr. Shaw called "look out"; that thereupon Mrs. Shaw stepped back and her right front fender struck her; and that she stopped within two feet with Mrs. Shaw lying by her right front wheel. The appellants would take one part of the evidence only and would omit that portion which indicates that Mrs. Shaw would not have been hit had she not stepped back when her husband called out a warning. The court has impliedly found that the negligence of Mrs. Shaw continued up to the instant of the injury and that her position of peril did not become apparent to the driver of the car in sufficient time to have avoided the injury. The evidence is sufficient to sustain these implied findings and we cannot hold, as a matter of law, that a contrary situation prevailed.

The judgment is affirmed.

Jennings, J., and Harden, J., *pro tem.*, concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1935.