[L. A. No. 6347. Department One.—April 20, 1921.]

### JOHN M. SHANLEY, Appellant, v. AMERICAN OLIVE COMPANY (a Corporation), Respondent.

[1] PLEADING — MOTION FOR JUDGMENT ON — ADMISSIONS.—The effect of a motion made by the defendant, after filing his answer, for judgment on the pleadings is to admit the truth of all the allegations of the complaint, and the answer must be disregarded, the sole question being whether or not the facts stated in the complaint constitute a cause of action against defendant.

[2] NEGLIGENCE—PERSON INVITED UPON PREMISES OF ANOTHER—DE-
GREE OF CARE REQUIRED OF OWNER.—A person invited upon the
premises of another may recover from such owner for any in-
juries received owing to the dangerous condition of the premises
known to the owner and not known to the person so invited, but
such owner is not bound to keep his premises absolutely safe.
The responsibility of such owner for the safety of such person
in such case is not absolute; he is only required to use ordinary
care for the safety of the person he invites to come upon the
premises. If there is a danger attending upon such entry, or
upon the work which the person invited is to do thereon, and
such danger arises from causes or conditions not readily apparent
to the eye, it is the duty of the owner to give such person reason-
able notice or warning of such danger, but such owner is en-
titled to assume that such invitee will perceive that which would
be obvious to him upon the ordinary use of his own senses, and
he is not required to give to the invitee notice or warning of
an obvious danger.

[3] ID.—PLEADING—ALLEGATIONS OF COMPLAINT.—Where a plaintiff's
cause of action rests upon the negligence of the defendant, the
complaint must show such negligence, and when the facts alleged
show that plaintiff and defendant stand in such relation to each
other that the defendant is not chargeable with negligence toward
the plaintiff, unless unusual conditions coexist with the conditions
alleged, such unusual conditions will not be presumed to exist in
favor of the plaintiff, but must be alleged by him.

[4] ID.—UNUSUAL CONDITIONS—INSUFFICIENCY OF COMPLAINT.—In an
action for damages for bodily injuries to a switchman of a railway
company in being caught between a building and a car while
attempting to climb a ladder on the side of the car which was
being switched on a spur-track, the complaint does not state a
cause of action against the defendant for negligence toward the
plaintiff, as one invited upon premises and standing in no other re-
lation to defendant, unless the building and the danger to the plain-
tiff were not apparent to ordinary observation, and since they would
be so apparent, except under extraordinary and unusual conditions,
it was necessary for plaintiff to allege the facts, if any existed,
which required of defendant the exercise of the unusual precaution
of giving plaintiff warning of the existence of the building and
its proximity to the spur-track.

---

2. Duty of owner to licensees or invitees upon premises, note, 1
Ann. Cas. 209.

Duty of owner of dangerous premises to invitee temporarily following
own devices, note, 17 Ann. Cas. 591.

Liability of owner of private residence for injury to person invited
therein, note, 13 L. R. A. (N. S.) 442.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

Scarborough & Bowen for Respondent.

SHAW, J.—The plaintiff sues to recover damages arising from bodily injuries to himself, alleged to have been caused by the negligence of the defendant. After the filing of its answer, the defendant moved for judgment in its favor on the pleadings. This motion was sustained by the court and judgment was entered accordingly. The plaintiff appeals.

[1] The effect of such motion by defendant was to admit the truth of all the allegations of the complaint. The answer must be disregarded. The sole question is whether or not the facts stated in the complaint constitute a cause of action against the defendant. We proceed to state the facts alleged.

The defendant was the owner of land near the railroad of the Pacific Electric Railway Company, on which land it maintained a plant for the buying and selling of olive oils and other products. At the request of the defendant, the Pacific Electric Railway Company had constructed a spur-track for the use of the defendant in its business, from the main-track of the railroad to and upon the said land. Thereafter the defendant built as a part of its plant a building forty feet high, fifteen feet wide, and thirty-eight feet long. The plaintiff was employed by the Pacific Electric Railway Company as a switchman assisting in the operation of its cars. The Pacific Electric Railway Company agreed to switch a carload of gravel and sand for the defendant on to said spur-track. The plaintiff was one of the crew of the Railway Company engaged in the said switching operation. On the side of said car was a ladder for the use of the crew in climbing upon it. The said building was so near to said spur-track that when such a car passed it on the track the clearance between the ladder on the car and the side of the building was "only about four to six inches." While engaged in switching said gravel-car as aforesaid, and while

attempting to climb upon the side of the car as it was moving along the spur-track, the plaintiff was caught between the car and the side of said building and was crushed and injured. The defendant knew of the situation of the spur-track when it erected said building and by the exercise of ordinary care could have known of the danger in making such a switching movement of cars thereon. The plaintiff had not been upon the spur-track nor had he been engaged in any work in relation thereto after the erection of said building, and he did not know that the building was there until after said accident and injury.

It is alleged that the accident to plaintiff "was caused alone by the negligence of the defendant in erecting and maintaining the said building in too close proximity to the said railroad spur-track and necessary switching thereon as aforesaid"; and "by the negligence of the defendant . . . in failing to give notice or warning to the plaintiff of the danger of making the switching movement as aforesaid with the said building so near thereto."

From the facts alleged it appears that the plaintiff, as a member of the crew switching the car, was invited by the defendant to enter its premises for the purpose of switching said car to the spur. **[2]** A person so invited upon the premises of another may recover from such owner "for any injuries received owing to the dangerous condition of the premises known" to the owner and not known to the person so invited; but such owner "is not bound to keep his premises absolutely safe" (29 Cyc. 453.) The responsibility of such owner for the safety of such person in such a case is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. If there is a danger attending upon such entry, or upon the work which the person invited is to do thereon, and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person reasonable notice or warning of such danger. But such owner is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger. (29 Cyc. 471, 474; 26 Cyc. 1213.)

It cannot be disputed that a building forty feet high, thirty-eight feet long, and fifteen feet wide situated alongside of a spur-track and within thirty-seven inches of the nearest rail thereof would be obvious to the sight of any person approaching it under any ordinary circumstances or conditions. Even in the night-time, unless the night was unusually dark, it would be easily perceived. In the daytime one would have to shut his eyes, or fail to look in that direction, to avoid seeing it. The complaint does not aver that it was night-time when the accident occurred, or that the building was in any manner obscured or concealed from view, or that the work in which plaintiff was engaged prevented him from looking ahead or from observing his surroundings. Certainly the climbing of the ladder on the side of the car would not prevent him from doing so. The owner, so far as appears, had no reason to apprehend that the plaintiff would not see the building and perceive its proximity to the track. Unless there was some reason for apprehending this, he was under no duty to notify the plaintiff thereof. [3] Where a plaintiff's cause of action rests upon the negligence of the defendant, the complaint must show such negligence. [4] When the facts alleged show that the plaintiff and defendant stand in such relation to each other that the defendant is not chargeable with negligence toward the plaintiff, unless unusual conditions coexist with the conditions alleged, such unusual conditions will not be presumed to exist in favor of the plaintiff, but must be alleged by the plaintiff. Since under the circumstances appearing in the complaint the defendant was not chargeable with negligence toward plaintiff, as one invited upon the premises and standing in no other relation to the defendant, unless the building and the danger therefrom to one engaged in switching cars upon the spur-track were not apparent to ordinary observation, and since they would be so apparent, except under extraordinary and unusual conditions, it was necessary for the plaintiff to allege the facts, if any existed, which required of defendant the exercise of the unusual precaution of giving plaintiff warning of the existence of the building and its proximity to the spur-track.

The complaint fails to aver such conditions and, hence, it shows no negligence on the part of the defendant. The court

below did not err in granting the motion for judgment on the pleadings.

The judgment is affirmed.

Olney, J., and Lawlor, J., concurred.