[Sac. No. 4244. In Bank.—February 19, 1931.]

RUTH MAUTINO, Respondent, v. SUTTER HOSPITAL ASSOCIATION (a Corporation), Appellant.

Evan J. Hughes and ·J. W. S. Butler for Appellant.

Charles L. Gilmore for Respondent.

WASTE, C. J.—Plaintiff recovered damages for personal injuries in an action brought by her against the defendant Sutter Hospital Association. On appeal, the judgment was reversed by the District Court of Appeal for the Third Appellate District. A hearing was granted in this court to permit of further consideration of plaintiff's status, i. e., whether she should be adjudged an invitee or an employee of the defendant. After such consideration and review of the matter, we find ourselves in accord with the view of the District Court of Appeal, and therefore adopt the opinion of that court written by Mr. Presiding Justice Finch, and concurred in by Associate Justices Thompson and Plummer, viz.:

"This is an action to recover damages for personal injuries suffered by the plaintiff when she fell on the floor of one of the rooms in defendant's hospital in which she was employed as a private nurse by the patient occupying the room. The verdict of the jury was in favor of the plaintiff for damages in the sum of $10,000. This amount was reduced by the trial court, with plaintiff's consent, to $6,235 and judgment was entered in favor of the plaintiff for that sum. The defendant has appealed from the judgment.

''The floors of all the rooms in the hospital are covered with battleship linoleum. Whenever a room is vacated and before another patient is placed therein 'a thin coat of paste wax is applied over the surface of the dusted floor, and a large revolving motor with a brush attached to it is used for polishing or rubbing that wax into the surface'. The evidence shows without conflict that battleship linoleum is the standard floor covering in general use in hospitals and that the above-described treatment of the same is in accordance with usual and approved methods. The linoleum in the room in question had been so treated shortly before the patient was placed therein. The plaintiff is a graduate nurse with several years' experience. She had been employed frequently as a private nurse by patients in the defendant's hospital and was familiar with the floor coverings therein and the condition in which they were maintained. She was not in the employ of the defendant at the time of the accident but in that of the patient who occupied the room. No witness but the plaintiff testified directly as to the manner in which the accident occurred. Other witnesses gave testimony tending to discredit that of the plaintiff, but it may be presumed in support of the judgment that her testimony is all true. She testified on direct examination as follows:

'' 'I went to duty at noon September 28th and was relieved at 7 o'clock that night by the night nurse.' The next morning 'I came on duty at 7 o'clock and relieved the night nurse'. About 9 o'clock 'I slipped and fell. . . . I had taken care of the patient, . . . and I thought the man would sleep, so I sat in the chair by him in the corner, . . . I got up to go . . . outside of the room, and when I got just past the foot of his bed going toward the door, before I knew what had happened or anything, I was on the floor. I had slipped in some way, . . . and I couldn't get up. . . . September 28th, when I went to duty, I told the nurse that the floor was so slippery, . . . the head nurse on that floor. . . . It was slick, and I couldn't keep my feet, the day of September the 28th. It was equally as bad on September the 29th, if not worse. . . . It was highly polished and I couldn't really keep my feet, it was so slick. . . . I told them I would slip and fall—the head nurse'.

"On cross-examination she testified that she noticed that the floors 'were slick . . . from the time' she 'first went into the room' and continued to notice it 'throughout the day'; that on account thereof 'I walked flat footed'; that the floor was as slick on the morning of the 29th as on the previous day, 'maybe a little more so'.

"Other witnesses testified that immediately after the accident the plaintiff said that something had been 'spilled on the floor in the room, that she had slipped on it and fallen and hurt herself', but the plaintiff denied that she had made such statement. One of the witnesses for the defendant testified that, about an hour after the accident she 'saw white spots on the floor where something had spilled on the wax' at about the place where the plaintiff fell. The plaintiff testified that the 'white spot . . . on the floor was part of the dressing that came off my shoes' at the time of the fall.

"The court properly instructed the jury, at the plaintiff's request, that at the time of the accident she was 'an invitee of the defendant'. It is clear from the plaintiff's testimony that she had full knowledge of the condition of the floor during all the afternoon of September 28th and for two hours in the forenoon of the next day. It does not appear that the defendant's knowledge thereof was superior to that of the plaintiff. If it was negligence for the defendant to maintain the floor in the condition described by the plaintiff, there appears to be no escape from the conclusion that it was negligence for the plaintiff, with full knowledge of such condition, to continue in the use thereof.

" 'The authorities are entirely agreed upon the proposition that an owner or occupant of lands or buildings who directly or by implication invites or induces others to go thereon or therein owes to such persons a duty to have his premises in a reasonably safe condition and to give warning of latent or concealed perils. In the language of a recent opinion: ''The law is well settled that an owner or occupant of land who by invitation, express or implied, induces or leads others to go upon premises for any lawful purpose is liable for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them.'' . . . The owner is not an

insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted. . . . There is no liability for injuries from the dangers that are obvious, or as well known to the person injured as to the owner or occupant.' (20 R. C. L., pp. 55–57; *Goldstein* v. *Healey*, 187 Cal. 206, 211 [201 Pac. 462]; *Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 Pac. 793].)

"Some of the instructions were in conflict with the foregoing statement of the law, among them the following:

" 'The court instructs you that the plaintiff's continuing to work in the room at defendant's hospital after having had knowledge of the slippery condition of the floor was not an act of negligence on her part, nor was she guilty of negligence by reason of continuing her work as a nurse in the room where the patient was confined, even after she had knowledge of the slippery condition of the floor. . . .

" 'If you find that the floor was so slippery that a prudent and reasonable person, complying with the regulations of the defendant, would, under the same circumstances, slip and fall to the floor, then the defendant would be negligent and your verdict must be for the plaintiff.'

"The first of these instructions incorrectly states the law and assumes as a fact that the floor was slippery. The second would require a verdict in favor of the plaintiff, regardless of contributory negligence on her part, if the floor was in such condition that a prudent and reasonable person would slip and fall on it. Even if the plaintiff were free from contributory negligence, 'not every accident that occurs gives rise to a cause of action upon which the party injured may recover damages from someone. Thousands of accidents occur every day for which no one is liable in damages, and often no one is to blame, not even the ones who are injured.' (*S. S. Kresge Co.* v. *Fader*, 116 Ohio St. 718 [58 A. L. R. 132, 158 N. E. 174].)

■ ''The court instructed the jury that 'it was the duty of the defendant to provide a reasonably safe place for her (plaintiff) to work and discharge her duties'. While this instruction may not have misled the jury, it is not an accurate statement of the law. It is not the duty of an owner in such a case to keep his premises absolutely in a reasonably safe condition, but only to exercise reasonable care to keep them in a safe condition. 'The responsibility of such owner for the safety of such person in such a case is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises.' (*Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 Pac. 793].) 'The owner of premises is not an insurer of the safety of an invitee, but he owes him the duty to exercise ordinary care in seeing that the premises are in a safe condition.' (*Dobbie* v. *Pacific Gas & Elec. Co.*, 95 Cal. App. 781 [273 Pac. 630].)

''In respondent's brief it is said that the plaintiff occupied 'a status enabling her to claim the same degree of protection as an employee in her place of employment' and that 'the employer is bound to provide a reasonably safe place for his employee to work in'. It clearly appears that the plaintiff's status was that of invitee, as the court instructed the jury at her request, and that she was in no sense an employee of the defendant.

■ ''Respondent urges that the defendant did not plead contributory negligence. The answer alleges that plaintiff's injuries 'were entirely and solely caused by negligence of the plaintiff herself and not by any negligence on the part of the defendant'. It is not necessary to decide whether that allegation sufficiently avers contributory negligence, because 'where the evidence introduced by the plaintiff shows that he has been guilty of contributory negligence, the defense may be availed of, even though not set up by defendant'. (*Hoy* v. *Tornich*, 199 Cal. 545, 551 [250 Pac. 565].)''

The judgment is reversed.

Preston, J., Richards, J., Shenk, J., Seawell, J., and Langdon, J., concurred.