[Civ. No. 2280. Fourth Appellate District.—April 4, 1940.]

MATTIE JONES, Appellant, v. JESSE BRIDGES, Respondent.

Calvin H. Conron, Jr., and J. W. Heard, Jr., for Appellant.

Borton, Petrini, Conron & Borton for Respondent.

MARKS, J.—This is an action to recover damages for a broken leg suffered by plaintiff in falling down two steps leading to a lavatory which was part of a cafe owned and

operated by defendant in or near the city of Bakersfield. The jury returned a verdict for defendant and plaintiff has appealed from the judgment entered on the verdict.

The cafe is entered from the north through a door into a refreshment room which is twenty feet in width and twenty-five feet in length. In this room is an L-shaped bar with stools along both fronts. To the rear of the refreshment room is a dance hall twenty-five feet in width and thirty feet in length. The two rooms are connected by an archway in the partition. While the width of the arch is not given, it would seem from a diagram in the record to be about ten feet wide. It is over seven feet high.

The lavatories were on the southerly side of the dance hall at about the center of that wall. The door leading to the women's lavatory opened outward from the dance hall into an areaway and was nearly opposite one side of the arch. It was an ordinary inside door and had a threshold under it one-half inch above the level of the dance floor. This threshold was one and one-half or two inches above a cement step on the areaway side of the door. This step was thirteen inches wide. There was a second cement step, fourteen inches wide, with seven-inch risers to this first step and to the floor of the areaway. The door had a coil spring on the inside at the top which acted as a door closer. The areaway was well lighted.

Plaintiff, with a male companion, entered the cafe between ten and ten-thirty on the evening of July 29, 1937. The couple seated themselves at the bar and ordered drinks. This portion of the premises was well lighted. After remaining at the bar for about thirty minutes plaintiff asked her companion for directions to the lavatory. This was her first visit to the cafe. She proceeded across the dance floor to the lavatory door. She described the happening of the accident as follows: "I walked across the dance floor to the lavatory, and opened the door, and there was no light, and I went to the first door—the dance floor was all dark, and I opened the door to go through, and I started to fall. There was a big bright light over the door on the other side. That shined right in my eyes and I fell. . . . Q. But you were able to see the door when you got there? A. Yes. Q. And you opened that door and just show us what you did—illustrate to us what you did? A. I walked up to the door, opened the door and started falling. Q. Did you stumble over any-

thing? A. I was standing by that threshold front of the door. Q. Did you stumble over anything? A. No sir. Q. Did you slip on anything? A. No sir." No other witnesses testified as to the manner in which plaintiff received her injuries.

If we understand plaintiff and her counsel correctly, it is their theory that, after opening the door from what they maintain was the very dark dance hall, plaintiff was blinded by the light in the areaway; that because of being so blinded she failed to see the steps leading from the dance floor to the areaway; that it would have been safer construction to have had a hand rail on the right-hand side of the steps. They argue that the negligence of defendant consisted of, (1) not having the dance hall sufficiently illuminated; (2) in not having a hand rail along the steps; (3) in not having the upper step as wide as the door instead of a width of thirteen inches.

■ The jury was taken to the scene of the accident during the trial. What they observed there is not in the record. However, what they saw was evidence which we must presume supports the verdict and judgment. (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699 [28 Pac. (2d) 919]; *Haase* v. *Central Union H. S. Dist.*, 27 Cal. App. (2d) 319 [80 Pac. (2d) 1044].)

■ Plaintiff argues that the trial court committed prejudicial error in modifying instructions she proposed, in giving instructions proposed by defendant, and in refusing to give instructions requested by her.

Plaintiff proposed, and the trial court gave, the following instruction: "The occupier of a building must exercise ordinary care to render the premises reasonably safe to persons whom he induces to come thereon by invitation express or implied."

Other instructions requested by plaintiff did not have the word "ordinary" before "care", nor the word "reasonably" before "safe." The trial judge inserted the word "ordinary" in all of them, and in part of them the word "reasonably" before "safe", and in others he failed to make that change. Thus the jury was instructed that it was the duty of defendant to use *ordinary* care to keep his premises *reasonably safe* in some instances, and *safe* in others, for the use of plaintiff, an admitted invitee, who was entitled to use the lavatory.

Plaintiff's argument in support of her theory that it was error to so modify an instruction is summarized as follows: "First, they reduced the duty of care of the proprietor from 'safe' to 'reasonably safe'; and second, they further reduced the duty to 'exercise ordinary care to keep premises reasonably safe'."

Plaintiff cites numerous cases where the appellate courts have remarked that it was the duty of the owner of a building to keep it in a safe condition for the use of his invitees. (*Schmidt* v. *Bauer,* 80 Cal. 565 [22 Pac. 256, 5 L. R. A. 580] ; *Giannini* v. *Campodonico,* 176 Cal. 548 [169 Pac. 80] ; *Madigan* v. *O. A. Hale & Co.,* 90 Cal. App. 151 [265 Pac. 574] ; *Tuttle* v. *Crawford,* 8 Cal. (2d) 126 [63 Pac. (2d) 1128] ; *Corbett* v. *Spanos,* 37 Cal. App. 200 [173 Pac. 769] ; *Stewart* v. *Lido Cafe,* 13 Cal. App. (2d) 46 [56 Pac. (2d) 553].) In but one of these cases were instructions given to the jury involved. (*Madigan* v. *O. A. Hale & Co., supra.*) There, as here, the court instructed the jury that it was the duty of the owner to maintain the premises "in a safe condition" and also "to maintain it in a reasonably safe condition". No error was found in these instructions in that case.

The degree of care which an owner owes to an invitee is thus set forth in *Blodgett* v. *B. H. Dyas Co.,* 4 Cal. (2d) 511 [50 Pac. (2d) 801: "The owner of property, insofar as an invitee is concerned, is not an insurer of safety but must use reasonable care to keep his premises ·in a reasonably safe condition and give warning of latent or concealed perils. He is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. (*Shanley* v. *American Olive Co.,* 185 Cal. 552 [197 Pac. 793] ; *Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556 [296 Pac. 76].) '' (See, also, *Bruce* v. *Risley,* 15 Cal. App. (2d) 659 [59 Pac. (2d) 847] ; *Adams* v. *Dow Hotel,* 25 Cal. App. (2d) 51 [76 Pac. (2d) 210] ; *Vitrano* v. *Westgate Sea Products Co.,* 34 Cal. App. (2d) 462 [93 Pac. (2d) 832].)

Of course, in a restricted sense, a safe condition may mean one in which there is no possibility of danger. We have concluded, after studying many cases, that when the courts, in speaking of the duty owed to an invitee, said that the owner should keep his premises in a safe condition, they did not give to the word "safe" any such meaning of absolute absence of any possible danger. Many statutes requir-

ing employers to provide "safe" places wherein their employees work, have been construed by the courts. It has been very generally held that in such statutes "safe" means "reasonably safe"; that the two expressions are synonymous and interchangeable. (See *Valentine* v. *Hayes*, 37 Cal. App. 42 [173 Pac. 410]; *Gobar* v. *Kratowicz*, 179 Wis. 256 [191 N. W. 509]; *Waterbury* v. *Chicago, Milwaukee & St. Paul Ry. Co.*, 207 Ill. App. 375; *Lively* v. *American Zinc Co. of Tennessee*, 137 Tenn. 261 [191 S. W. 975]; *Kuhn* v. *Cincinnati Traction Co.*, 109 Ohio St. 263 [142 N. E. 370].) We believe that these rules should be applied here, and that consequently we must conclude that when our courts have said that an owner must keep his premises *safe* for use by an invitee they did not require of him a guaranty against any possible injury, but only that he use ordinary care to keep his premises in a reasonably safe condition for use by an invitee. With this construction placed on those terms there was no confusion in the instructions and no error in those modified by the trial court.

■ The trial court instructed the jury that a duty rested upon plaintiff to look where she was going and to see that which was in plain sight in front of her; that it was negligence on her part not to so use her faculties. Such a duty has been recognized in decisions. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793]; *Weddle* v. *Heath*, 211 Cal. 445 [295 Pac. 832]; *Blodgett* v. *B. H. Dyas Co., supra.*) However, it has been frequently held that whether or not a plaintiff should have seen a danger in front of her is usually a question of fact for the jury and that usually contributory negligence as a matter of law should not be predicated on a failure to see a danger where she took some precaution for her safety, the question of her negligence depending on the facts of the particular case. (See, *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086]; *Shaw* v. *Robertson*, 8 Cal. App. (2d) 520 [48 Pac. (2d) 128]; *Francis* v. *Riddle*, 15 Cal. App. (2d) 282 [59 Pac. (2d) 532]; *Healy* v. *Yellow Cab Co.*, 32 Cal. App. (2d) 479 [90 Pac. (2d) 116].)

■ Plaintiff now complains of remarks by the trial judge which she argues were unjustified comments on the weight of the evidence. None of these remarks were assigned as error and there was no immediate request for an instruction to the jury to disregard them. The failure of plaintiff to assign the remarks as error and to request an instruction to

the jury to disregard them must be held to waive any error in them.

At the close of the case plaintiff did request a general instruction that "comments of court or counsel are not to be considered by you as evidence". The instruction was not directed to any particular remarks of either the trial judge or counsel. The comments by the court set forth in the brief are unimportant and the trial court's attention should have been directed to them at the time the instruction was presented. It may be that the remarks had passed from his mind at the time. If we should hold that the remarks were erroneous, which we do not, we could not predicate reversible error on the refusal to give this instruction under these circumstances. The very general character of the instruction was not sufficient to call to the mind of the trial judge the remarks at which it was directed.

Plaintiff urges that the verdict and judgment are contrary to the evidence. Our study of the record causes us to conclude that they are supported by a great preponderance of the evidence.

Plaintiff did not know what caused her to fall. The jury was left to speculation on that question. She was the only witness who testified that the dance hall was so dark that she could see nothing when crossing it. Her companion and another witness characterized the light there as "dim". All of the other witnesses, including some of plaintiff's, testified that there was one or more lights illuminated in the dance hall. Many witnesses described it as well lighted. Thus plaintiff's contention that upon opening the door she was blinded by the strong light in the areaway so that she could not see the steps in front of her is effectively disposed of. Thus the jury had much evidence before it to support a finding of contributory negligence on the part of plaintiff and little to support any conclusion of negligence on the part of defendant.

The record does not show any miscarriage of justice in the judgment for defendant. The errors of law occurring during the trial were not sufficiently prejudicial to permit a reversal of the judgment. (Sec. 4½, art. VI, Const.)

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.