[S. F. No. 16372. In Bank.—July 2, 1940.]

JOSEPH DINGMAN, Respondent, v. A. F. MATTOCK COMPANY, Appellant.

Bronson, Bronson & McKinnon for Appellant.

Wayne R. Millington and Norman S. Menifee for Respondent.

CURTIS, J.—This action was instituted to recover damages for personal injuries sustained by the plaintiff by the

breaking of a board on which he was walking, the breaking of which caused him to fall down an open stair-well into the basement of the building in which he was working. The defendant was the general contractor for the erection of said building, and the plaintiff was the sub-contractor to whom the defendant had awarded the contract for the electric wiring of said building. The building was to be a dwelling house and was located in the city of Hillsborough. It had progressed to the point where it was ready for the installation therein of the electric wiring, and at the time of plaintiff's injury he was engaged in the actual wiring of the building. The building was to contain, among other rooms, a kitchen and a maid's room. The maid's room was located over the garage and the floor thereof was four feet and nine inches above the level of the kitchen floor. Between the two rooms there was to be constructed a stairway and at the time of the accident the stairway had not been constructed, and the space to be occupied by the stairway was what is referred to in the evidence in this case as an open stair-well and extended from above the level of the maid's room down to the basement in the building. The distance across this open stair-well from the kitchen to the maid's room was fourteen feet. Across this open space, or open stair-well, a board or scantling two inches thick and four inches in width had been placed, extending from the kitchen to the maid's room. This scantling, or one similar thereto, had been so placed and used by different workmen, as well as by the respondent, in passing from the kitchen to the maid's room for several days prior to the date of the accident. On this day the plaintiff was in the kitchen and the defendant's foreman was in the maid's room, and it became necessary for the plaintiff to consult the foreman regarding the wiring to be done in the garage. Plaintiff, accordingly, stepped on the board or scantling laid across the open stair-well and started to walk across it from the kitchen to the maid's room. When only partly across, the board broke and plaintiff fell through the stair-well to the floor of the basement. The fall seriously injured the heel of each of his feet. A trial was had before a jury and a verdict was reached in favor of the plaintiff. The defendant appealed from the judgment rendered upon said verdict.

While other phases of this action have been discussed by the parties in their briefs and also in their oral arguments,

it appears to us that the controlling feature in the case is the relation which the subcontractor sustained to the general contractor. Respondent insists that he was an invitee upon the premises then in control and possession of the appellant, and that in the execution of his subcontract he had all the rights and privileges of an invitee upon said premises. We think that there can be no question that he bore that relation to the main contractor. Under his contract to do the electric wiring of the building, it was necessary for him to enter the building and each and every part thereof which was required to be wired. He was not only permitted to perform this service in the building but he was required to do so under his contract with the appellant. It would be difficult to imagine a clearer case of an invitee than that shown by the admitted facts in this case.

■ The duty imposed by law upon one inviting another to enter upon the premises of the former is well established and has been clearly defined by the decisions of this court. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 Pac. 793]; *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 Pac. 76]; *Blodgett* v. *B. H. Dyas Co.*, 4 Cal. (2d) 511 [50 Pac. (2d) 801].)

This court, in *Shanley* v. *American Olive Co., supra,* states the applicable rule in the following words:

"A person so invited upon the premises of another may recover from such owner 'for any injuries received owing to the dangerous condition of the premises known' to the owner and not known to the person so invited; but such owner 'is not bound to keep his premises absolutely safe' (29 Cyc. 453). The responsibility of such owner for the safety of such person in such a case is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. If there is a danger attending upon such entry, or upon the work which the person invited is to do thereon, and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person reasonable notice or warning of such danger. But such owner is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger. (29 Cyc. 471, 474; 26 Cyc. 1213.)"

■ Applying this rule to the facts in this case, we will first consider whether the dangerous condition existing in the passageway across said stair-well was apparent to the eye or was obvious to respondent upon the ordinary use of his own senses. Whether or not this danger was obvious to respondent was a fact to be determined by the jury. As the jury reached its verdict in favor of the respondent, the finding implied in such verdict that the danger was not obvious is binding upon the court, if there is any substantial evidence to support it. The record in this case shows that this or a similar board had been laid across the opening between the kitchen and maid's room for a number of days prior to the accident to respondent. During this time it had been used by the employees of the appellant and by respondent also, without any accident or injury to any of them. It is true that on account of the width of the board it might be apparent to anyone attempting to walk over it that there was danger of falling from it and into the stair-well below, but that was not what happened to respondent. It was the breaking of the board that caused respondent to fall into the open stair-well. As respondent had walked across the board shortly before the accident and had seen other workmen on the building do the same, it cannot be said that the danger of the board breaking was obvious to him at the time he made his last attempt; at least, this evidence, if believed by the jury, was sufficient to support its implied finding that the danger was not obvious.

However, the rule approved by this court and quoted above provides further that an invitee ''may recover from such owner 'for any injuries received owing to the dangerous condition of the premises *known*' *to the owner and not known to the person so invited;* . . . '' We have shown that the jury found that the danger was not obvious to the respondent or, in other words, that the dangerous condition of the premises was not known to respondent, and that there was sufficient evidence to support such implied finding. From its verdict in favor of respondent it is evident that the jury at least impliedly found that the dangerous condition of the premises was known to the appellant. If there is any substantial evidence supporting this implied finding of the jury, this court is bound thereby. There is no evidence as to the identity of the person or persons who placed the 2x4 scantling, or either

of them, if there were more than one, across the open stair-well leading from the kitchen to the maid's room. While there was evidence that the board which broke when respondent attempted to cross over it, or one similar thereto, remained across the open stair-well for several days and was used by appellant's employees and by respondent, and during this time must have been observed by appellant's foreman, there is no evidence that the foreman or the contractor or any of his employees knew any more about the dangerous character of this board, in that it might break when the respondent attempted to cross over it, than the respondent himself.

We have attempted to show that respondent did not know of the dangerous character of the board, that is, of its liability to break from the weight of the respondent. As the appellant had no greater opportunity to observe the condition of said board than the respondent, and respondent failed to observe its dangerous condition, we are compelled to hold that the appellant did not know of the dangerous condition of said board. In this connection the following language found in *Slyter* v. *Clinton Const. Co.*, 197 Cal. App. 348, 355 [290 Pac. 643], appears to be pertinent: "From the facts it is clear that the plaintiff, as readily as the appellant, . . . by the exercise of his faculties of sight and judgment in an ordinarily diligent manner, could have observed and known of the danger . . . " In like manner the opportunities of the respondent in this action to observe the condition of the plank across the open stair-well were equal to those of the appellant contractor, or his foreman, or any of the appellant's employees, and, as the respondent failed to observe the dangerous condition in the board over said stair-well, the only rational conclusion to be drawn from these facts is that the contractor was likewise ignorant of such dangerous condition. If there were any evidence whatever in the case showing that the contractor or his foreman or other employee placed the board over the open space or in any other way had an opportunity other than that possessed by the respondent to observe said board and to note any defect therein, then the case might be different. But with the facts before us, as they have been shown above, we see no alternative but to hold that the contractor had no knowledge of the dangerous condition which caused respondent's injuries and therefore cannot be

held liable for any damages to respondent resulting from said injuries.

This conclusion renders it unnecessary to consider any of the alleged errors in the instructions, which the appellant contends the court committed in its charges to the jury.

The judgment is reversed.

Edmonds, J., Shenk, J., and Gibson, C. J., concurred.

CARTER, J., Dissenting.—I dissent. I am unable to agree with that portion of the opinion of the majority of the court holding in effect that the burden was on the plaintiff to prove knowledge on the part of the defendant that the board or plank which broke and resulted in injury to the plaintiff was defective or in a dangerous condition. In my opinion, it was a question of fact for the jury to determine from the evidence as to whether or not the defendant exercised ordinary care in placing the board or plank in question across the stair-well to be used by those desiring to cross said well. It may be that defendant was not required to provide a means for respondent or other invitees to the building to cross said well, but when such means were provided by the defendant, it was required to use ordinary care in the selection of the material and in the manner in which the material was placed to provide the means of passing across said well.

Proof having been established that the plank or board in question was provided by the defendant, the question of whether or not the same was adequate for that purpose, was a question for the jury to determine.

Let us suppose, for example, that the defendant had actually constructed a passageway across said stair-well for its employees and invitees to use, and the same was so defectively constructed that it gave way when plaintiff was crossing, and he was injured thereby, there would appear to be little doubt but that defendant was guilty of negligence, and unless there was some proof of contributory negligence on the part of the plaintiff, the latter would be entitled to recover against the defendant. The mere fact that the passageway provided was somewhat meager and improvised should not change the situation.

In my opinion the question of whether or not the defendant was guilty of negligence in providing the passageway in

question and whether or not the plaintiff was guilty of contributory negligence in using the same, were both questions of fact for the jury, and both of these issues having been decided by the jury in favor of the plaintiff, their determination should be conclusive on this court.

In my opinion the judgment of the trial court should be affirmed.

Rehearing denied. Carter, J., and Peters, J., *pro tem.*, voted for a rehearing.