[Civ. No. 19426. Second Dist., Div. Three. June 25, 1953.]

MARVIN CURLAND, Appellant, v. LOS ANGELES COUNTY FAIR ASSOCIATION (a Nonprofit Corporation), Respondent.

Frank Desimone for Appellant.

Reed & Kirtland and Robert C. Packard for Respondent.

VALLÉE, J.—Appeal by plaintiff from a verdict and a judgment for defendant and from an order denying a new trial in an action tried by a jury for damages for personal injuries. Since an appeal does not lie from a verdict or an order denying a new trial, these appeals will be dismissed.

Stated in the light most favorable to defendant-respondent, the facts are these:

On September 21, 1950, about 1 p. m., plaintiff, after purchasing a ticket, entered the grounds of the Los Angeles County Fair conducted by defendant. The "fun zone" was located about 60 feet from the gate where he entered. Plaintiff proceeded, in an "aisle-way," "with the rest of the people" who were entering the grounds at the time. The aisle in which plaintiff was walking was called the "midway." It was 25 feet wide, "an aisle-way which people walked through." As he was walking along and had gone about 50 or 60 feet, he tripped on a "pipe" which protruded about "7 or 10" inches above the ground. Immediately before he tripped, plaintiff was walking along, listening to the "barkers," "looking around at the general things, and just moving along with the crowd" looking at the different displays, games, fun things, and trinkets for sale. Plaintiff testified he was "not particularly interested in the fun zone, although I was going through it"; the crowd he was walking with was just a crowd the same as you walk down the street with; he did not have any particular recollection as to just where he was looking or where he was walking, other than that he was going down the aisle; "I was walking down the aisle-way and I was looking at everything there was to see at the fair in that general place, and at times I was looking at different things."

The "pipe" plaintiff tripped over was a Ford axle about 1 inch in diameter with a gear on top about 3 inches in diameter, which was driven into the ground. It was used as a wind brace for a light standard. The light standard was 30 feet high; the base was about 80 inches across; the axle was 40 inches from the center of the standard. The brace from the standard to the axle was a 2 x ¼ inches flat piece of iron which went up 22½ inches on the standard. Plaintiff did not see the axle nor the light standard before he fell; they were located in the fun zone. Neither of them protruded into the midway at any point.

The light standard, the braces, and the axle were installed prior to the opening of the fair by the party who had a lease of the fun zone from defendant. After they were installed and before the accident, they were inspected and approved by defendant.

Plaintiff's points for reversal are: (1) There is no substantial evidence to support the verdict. (2) The court erred in the giving and refusing of instructions.

In support of his first point, plaintiff argues that the evidence established, as a matter of law, that defendant was negligent and that he was not contributively negligent. No question of law is presented. On the evidence, the case is purely one of fact. ■ Where different inferences may reasonably be drawn from the evidence, the decision on the questions of negligence and contributory negligence must be left to the trier of fact. The conclusion of the jury will not be disturbed on review if some substantial evidence or reasonable inference lends support thereto. (*Nichols* v. *Mitchell,* 32 Cal.2d 598, 606 [197 P.2d 550].)

Plaintiff was an invitee of defendant. ■ The rule applicable to the facts is stated in *Dingman* v. *A. F. Mattock Co.,* 15 Cal.2d 622, 624 [104 P.2d 26], in which the court quoted from *Shanley* v. *American Olive Co.,* 185 Cal. 552 [197 P. 793] :

" ' 'A person so invited upon the premises of another may recover from such owner "for any injuries received owing to the dangerous condition of the premises known" to the owner and not known to the person so invited; but such owner "is not bound to keep his premises absolutely safe" (29 Cyc. 453). The responsibility of such owner for the safety of such person in such a case is not absolute; he is only required to use ordinary care for the safety of the persons he invites to come upon the premises. ■ If there is a danger attending upon such entry, or upon the work which the person invited is to do thereon, and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person reasonable notice or warning of such danger. But such owner is entitled to assume that such invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. He is not required to give to the invitee notice or warning of an obvious danger. (29 Cyc. 471, 474; 26 Cyc. 1213.) ' "

■ A duty rested on plaintiff to look where he was going and to observe that which was in plain sight in front of him. ■ Whether the danger was obvious to plaintiff was a question of fact for the jury. (*Dingman* v. *A. F. Mattock Co.,* 15 Cal.2d 622, 624 [104 P.2d 26] ; *Revels* v. *Southern Calif. Edison Co.,* 113 Cal.App.2d 673, 678-679 [248 P.2d 986] ; *Jones* v. *Bridges,* 38 Cal.App.2d 341, 346 [101 P.2d 91].) ■ Whether a person, under the circumstances, made a reasonable use of his faculties is also a question for the jury. ■ The law presumes that a person possessing the normal

faculty of sight must have seen that which was in the range of his sight. (*Anderson* v. *Western Pac. R. Co.*, 17 Cal.App.2d 244, 250 [61 P.2d 1209].)

█ It was the duty of defendant to so place the axle bracing the light standard that it would not be likely to produce injury to those who, using reasonable care, might walk on the fairgrounds. The axle on which plaintiff tripped was not in the midway. The jury may well have concluded that defendant was not negligent. If the axle, as is reasonably inferable from the evidence, was plainly visible and was so placed that contact with it might easily have been avoided, it would follow that the jury could have reasonably concluded defendant had exercised all the care required of it in the circumstances. If the jury found defendant was not negligent, it may well have concluded plaintiff was contributively negligent. █ Whether the axle was in such position that plaintiff could have observed it had he been exercising ordinary care, was a jury question. █ The testimony of plaintiff was vague and indefinite as to what he was doing and where he was looking at the time he tripped on the axle. The accident happened in broad daylight. The axle and the light standard were in plain sight. Plaintiff testified he did not see the axle or the light standard at all before he tripped; from which the jury may have reasonably inferred that he was not looking where he was going. A reasonable inference from the evidence is that if plaintiff had exercised ordinary care he would have seen the axle and avoided it. The verdict is supported by substantial evidence.

█ The court, at the request of defendant, gave this instruction:

"General human experience justifies the inference that when one looks in the direction of an object clearly visible, he sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, it follows that either some part of such evidence is untrue or the person was negligently inattentive."

Plaintiff assigns error. He says there was no evidence that the axle was in plain sight of plaintiff, nor was there any evidence that he was looking in the direction of the axle. There was no error. There was evidence that the axle was in plain sight of a person exercising ordinary care. The instruction did not assume that the axle was clearly visible, or that it was in plain sight of plaintiff, or that he was looking in the direction of the axle. The first sentence of the instruction

stated a mere commonplace. The second sentence left it to the jury to decide whether either party was telling the truth, or whether plaintiff was negligently inattentive, or to draw no inference of any kind. (*LaBranch* v. *Scott*, 82 Cal.App.2d 1, 9-10 [185 P.2d 823].)

■ Plaintiff requested the court to give the following instruction:

"When Fair Grounds are opened to public for business, one who enters said Fair Grounds to purchase some commodity, service, or view exhibits does so at the implied, if not express, invitation of the operators of the Fair Grounds, and is called an invitee; upon these operators the law places the duty of exercising ordinary care so as not unnecessarily to expose the invitee to danger or accident and to that end, to keep in a reasonably safe condition the pathways, aisles, passageways, and general premises made available for the invitee's use, and which the latter is expressly or impliedly invited to use.

"In applying the rules of law that have been and will be stated by the court to the facts of this case, and in judging the conduct of the parties you may consider the fact that the attention of persons who visit such public Fair Grounds ordinarily is attracted by the display of exhibits, concessions and wares offered for sale and may be more or less absorbed by the transaction which they have in mind. You may consider whether the defendant anticipated that fact with ordinary care in the exercise of the duty heretofore mentioned.

"The duty owed to the unsuspecting and ignorant-of-danger patron or invitee is properly to be considered in the light of anticipation by the operators that the patron's attention may be distracted elsewhere."

The request was denied. Error is assigned. There was no error. The instruction, in part, is argumentative and not a statement of the law. Insofar as it stated the law correctly, the subject matter was fully covered by instructions given.[1]

---

[1]The following instructions were given:

"Negligence is not an absolute term, but a relative one. By this we mean that in deciding whether there was negligence in a given case, the conduct in question must be considered in the light of all the surrounding circumstances, as shown by the evidence.

"This rule rests on the self-evident fact that a reasonably prudent person will react differently to different circumstances. Those circumstances enter into, and in a sense are part of, the conduct in question. An act negligent under one set of conditions might not be so under another. Therefore, we ask: 'What conduct might reasonably have been expected of a person of ordinary prudence under the same cir-

 The court refused to give the following instruction proffered by plaintiff:

"You are instructed that mere abstraction on the part of the plaintiff, an invitee, does not necessarily constitute contributory negligence."

Error is assigned. While the instruction is a correct statement of the law and might well have been given, its refusal was not error. The subject matter was adequately covered by the instructions given.

 Plaintiff requested, and the court declined to give, this instruction:

"I instruct you that it is not contributory negligence to fail to look for danger when there is no reason to apprehend any danger. The only care required of plaintiff in this case

cumstances?' Our answer to that question gives us a criterion by which to determine whether or not the evidence before us proves negligence." (Cal. Jury Instructions (Civil), No. 101-A.)

"One who goes upon the premises of another as a business visitor, at the express or implied invitation of the owner or occupant, and in connection with some mutual business interest with the occupant or with the latter's own business, is called in law an invitee. In paying the admission fee charged therefor and upon entering the fair grounds in question the plaintiff became and was an invitee of the defendant."

"Toward an invitee, he who extended the invitation, express or implied, is obliged to refrain from active negligence and to exercise ordinary care to keep the premises in a condition reasonably safe for the invitee.

"But the responsibility of one having control of the premises is not absolute; it is not that of an insurer. If there is danger attending upon the entry, or upon being upon the premises, and if such danger arises from conditions not readily apparent to the senses, and if the owner has actual knowledge of them, or if they are discoverable by it in the exercise of ordinary care, it is its duty to give reasonable warning of such danger to the invitee. This duty under the circumstances stated herein extends not only to conditions created by the invitor, but to conditions created by others lawfully upon the premises with the invitor's permission or consent. The owner is not bound to discover defects which reasonable inspection would not disclose, and it is entitled to assume that the invitee will perceive that which would be obvious to him upon the ordinary use of his own senses. In brief, there is no duty to give the invitee notice of an obvious danger.

"In the absence of appearances that caution him, or would caution a reasonably prudent person in like position, to the contrary, the invitee has a right to assume that the premises he was invited to enter are reasonably safe for the purposes for which the invitation was extended, and to act on that assumption.

"Each, the invitee and the invitor, so long as he is exercising ordinary care and no circumstance exists that causes him or would cause a reasonably prudent person in his position to think differently, has a right to assume that the other is or will be possessed of normal faculties of sight and hearing and will exercise ordinary care, and has the right to rely on that assumption."

was the care that an ordinary prudent person would use under similar circumstances.''

The instruction was properly refused. The jury was instructed on negligence, contributory negligence, ordinary care, and the instruction quoted in the margin was given.[2] The subject was adequately covered.

The case was well and fairly tried. The jury was fully, fairly, and adequately instructed on all principles of law applicable to the evidence. We find no merit in any of the assignments of error.

The appeals from the verdict and from the order denying a new trial are dismissed; the judgment is affirmed.

Shinn, P. J., and Wood (Parker) J., concurred.

---

[2]"A person who, himself, is exercising ordinary care has a right to assume that others, too, will perform their duty under the law, and he has a further right to rely and act on that assumption. Thus it is not negligence for such a person to fail to anticipate injury which can come to him only from a violation of law or duty by another. However, an exception should be noted; the rights just defined do not exist when it is reasonably apparent to one, or in the exercise of ordinary care would be apparent to him, that another is not going to perform his duty. One is not justified in ignoring obvious danger although it is created by another's misconduct, nor is he ever excused from exercising ordinary care." (Cal. Jury Instructions (Civil), No. 138.)