[Civ. No. 20478.   Second Dist., Div. One.   Jan. 31, 1955.]

STANLEY H. ROBERTS, Plaintiff and Appellant, v. SIN-FORESO GARANIA et al., Defendants and Appellants.

Zeman, Hertzberg & Schekman and Samuel Schekman for Plaintiff and Appellant.

Crider, Tilson & Ruppe, Jerome M. Budinger, George L. Hecker, Orlan S. Friedman and Henry F. Walker for Defendants and Appellants.

DORAN, J.—This is an action for personal injuries sustained by plaintiff while crossing Pacific Coast Highway in a marked pedestrian zone where the highway abuts Malibu Pier.   Plaintiff was struck by a car driven by defendant

Garania and owned by Lupe Garica, which car was originally struck in the rear by an empty semitractor and trailer, some 40 feet in length, weighing 23,000 pounds, owned by defendants Nelson and Taylor, d.b.a. Arroyo Grande Truck Company, and driven by defendant Richard Shaffer, an employee.

A trial by jury resulted in a verdict in plaintiff's favor of $20,000. There were motions for new trial by the Arroyo Grande Truck Company, R. L. Shaffer, and Sinforeso Garania on the grounds of excessive damages, insufficiency of evidence, errors of law, etc., which motions were heard by Judge Swain who did not preside at the trial. The minute order in reference thereto states that ''Motions of defendants for a new trial is granted,'' no grounds being mentioned. Plaintiff now appeals from the order granting a new trial. Sinforeso Garania and Lupe Garcia have filed a cross-appeal from the judgment.

The record discloses that Rev. Roberts and wife drove to the area for the purpose of fishing off the pier. The day was clear, the road dry. After parking in a parking lot on the east side of the street, the two persons waited for traffic to stop, and two cars approached the marked pedestrian crosswalk and stopped in the 30-foot eastermost lane. Rev. and Mrs. Roberts then proceeded to cross the highway. Plaintiff had walked ahead and past the two stopped cars and was walking in the second or 12 foot lane when Shaffer's truck rammed into the rear of Garania's car causing the latter to collide with plaintiff who suffered head and leg injuries.

There was a conflict of evidence as to what occurred just previous to the accident. Garania, driver of the car which hit plaintiff, testified that he had stopped next to the double white center line so that the pedestrians might cross, when Shaffer's truck collided with the rear of the Garania car. Shaffer testified that Garania cut into the lane and slowed down quickly; that Shaffer applied the brakes but was unable to stop in time to avoid the collision.

## The Roberts Appeal

Plaintiff-appellant's contention that ''It was an abuse of discretion for the Law and Motion Court to grant a new trial to defendants,'' cannot be sustained. In this connection, an instruction to the jury that ''The issues to be determined by you . . . are; First, was the defendant negligent? . . . If you answer that question in the negative, you will return a

verdict for the defendant. If you answer it in the affirmative, you have a second issue to determine, namely: Was that negligence the proximate cause of any injury to the plaintiff?'' etc., is criticized by respondents as eliminating from the jury's consideration any question of contributory negligence, although that subject was treated in another instruction. Attention is also called to the fact that the defendants Garania and Garcia did not plead contributory negligence, and hence it was improper to grant a new trial to these defendants.

As pointed out in respondents' brief, quoting from *Sweeley* v. *Leake,* 87 Cal.App.2d 636, 640 [197 P.2d 401], ''The principles of law applicable to an appeal from an order granting a new trial are well established. The presumption is in favor of the order granting a new trial and against the judgment. . . . The fact that the motion in the instant case was heard and determined by a judge other than the one who presided at the trial does not extend the power of this court in reviewing the matter.'' And it is well established that the ruling on a motion for a new trial is a matter falling within the sound discretion of the judge.

In the present situation, Judge Swain, who heard the motion, may well have determined that the instruction in question was likely to mislead the jury by seemingly submitting only two issues, namely the defendants' negligence, and proximate cause, although contributory negligence was treated in another instruction. Or, so far as appears from the record, the new trial may have been granted on some other ground. One such ground was that of excessive damages, the jury having awarded $20,000 to plaintiff, a retired minister about 70 years of age, who received a fracture of the fibula, but was not hospitalized save for having the leg placed in a cast at an emergency hospital. Plaintiff was bedfast for a week and thereafter moved about on crutches. The bill for medical services was $350.

''It is admitted that Defendants Garania and Garica did not plead contributory negligence,'' says the respondents' brief, ''but when evidence is adduced during the course of trial by means of which contributory negligence is shown, defendants may benefit from such testimony even though the defense of contributory negligence was not pleaded by that defendant'' (*Mautino* v. *Sutter Hospital Assn.,* 211 Cal. 556, 562 [296 P. 76], and *Hoy* v. *Tornich,* 199 Cal. 545, 551 [250 P. 565]). And in the brief of respondents Arroyo

Grande Truck Company and Shaffer, evidence is pointed out which might lead to the conclusion that Rev. Roberts failed to keep a proper lookout for northbound traffic, the direction from which danger was to be apprehended.

Other alleged errors relate to the wording of instructions given, the degree of caution required of the plaintiff, plaintiff's right to assume that approaching vehicles would yield the right of way, the presumption that plaintiff exercised ordinary care, sections 544 and 525.1 of the California Vehicle Code, and to alleged improper limitation of the cross-examination of a police officer. In respect to these matters it is reasonable to assume that they were duly considered by the judge hearing the motions for new trial. Although singly such alleged errors may not have been sufficiently serious to warrant a new trial, it may well be that the sum total thereof, in connection with the other grounds alleged, was persuasive that the defendants were entitled to a new trial. In any event the granting of a new trial was, as hereinbefore indicated, a discretionary matter, and the record fails to indicate that there was any manifest abuse of such discretion.

### GARANIA-GARCIA CROSS-APPEAL

The cross-appeal of the defendants Garania and Garcia from the judgment against all defendants in the sum of $20,000 is likewise without merit. These cross-appellants contend that the evidence is insufficient to sustain the verdict. As hereinbefore indicated, the evidence was in conflict as to which party was at fault, each defendant attempting to cast the blame on the other. The plaintiff had no recollection as to how the accident happened. A question of fact was thereby created which the jury resolved in favor of the plaintiff by bringing in a verdict against all defendants. The record contains substantial evidence in support of such verdict and the resulting judgment, and under the long established rule in such cases, there can be no reversal on this ground.

Other errors are alleged in reference to the cross-examination of Officer Lowe, and instructions concerning sections 544 and 525.1 of the California Vehicle Code. These matters have been mentioned in the respondents' (Garania-Garcia) brief as errors justifying the granting of a new trial, and are discussed in this opinion. In view of the fact that the order granting a new trial is here affirmed, and the parties accorded the opportunity of a reconsideration of all questions before

another judge and jury, it is unnecessary to further consider the cross-appeal.

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.

Plaintiff and appellant's petition for a hearing by the Supreme Court was denied March 30, 1955. Carter, J., and Traynor, J., were of the opinion that the petition should be granted.