[Civ. No. 21187.   Second Dist., Div. Three.   July 27, 1956.]

MARY WINN, Appellant, v. JERRY HOLMES et al., Respondents.

M. Farzan for Appellant.

Lynch & Reilly for Respondents.

SHINN, P. J.—Plaintiff appeals from a judgment based upon an order sustaining, without leave to amend, a demurrer of defendant Jerry Holmes to her second amended complaint, hereinafter referred to as the complaint. The facts alleged

therein are as follows: Defendants Holmes and Third Doe are the owners and operators of The Ranch House, a restaurant and eating establishment open to the public. At about 10:30 p. m. on November 27, 1953, plaintiff "was a guest and patron of said establishment," and at that time and place and without any cause or provocation on her part, plaintiff was assaulted by defendants First Doe and Second Doe, "who were also patron guests and patrons of said establishment at the special invitation of the defendants Jerry Holmes and Third Doe." Plaintiff also alleges that "prior to said vicious and unprovoked attack on plaintiff, said First Doe and Second Doe made several threats on plaintiff and that said defendant Jerry Holmes was present and had knowledge of the said threats on plaintiff; that said Jerry Holmes was informed and made aware of the same, and that he, knowing of said threats on plaintiff could have protected said plaintiff; that said defendant owed plaintiff a legal duty and obligations to protect her against such attacks by patrons and guests in that she was a patron and business invitee; that said Jerry Holmes in violation of his said legal duty did so negligently and carelessly refuse to interfere and stop said First Doe and Second Doe from attacking and assaulting plaintiff, and while said vicious attack and assault was being made and inflicted on plaintiff, said Jerry Holmes did nothing to prevent said First Doe and Second Doe from attacking plaintiff." It is also alleged that "as a direct and proximate result of said assault," plaintiff suffered personal injuries, for which she seeks $10,000 general damages and special damages in an as yet unascertained amount. There is also a prayer for exemplary damages.

Defendant's demurrer to the complaint was sustained without leave to amend upon the ground that defendant owed no duty to plaintiff to protect her against an assault by a third person on the premises. We are of the view that this holding was erroneous, and that the complaint states a cause of action against defendant.

Although the owner of a place of business is not an insurer of the safety of his invitees, it is well settled that he is required to exercise reasonable care for their safety, and is liable for injuries resulting from a breach of this duty. (*Tuttle* v. *Crawford*, 8 Cal.2d 126 [63 P.2d 1128]; *Hinds* v. *Wheadon*, 19 Cal.2d 458 [121 P.2d 724]; *Vaughn* v. *Montgomery Ward & Co.*, 95 Cal.App.2d 553 [213 P.2d 417]; *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6]; 65 C.J.S. 521.) He is liable for harm caused by

any dangerous condition on the premises, whether natural or artificial, if he knew of it, or by the exercise of reasonable care, could have discovered it. (*Travis* v. *Metropolitan Theatres Corp.*, 91 Cal.App.2d 664 [205 P.2d 475] ; *Blumberg* v. *M. & T. Inc.*, 34 Cal.2d 226 [209 P.2d 1] ; 2 Rest., Torts, § 343.) ▮ His duty to his invitees is performed by either warning them of danger or by using ordinary care to keep the premises in a reasonably safe conditon. (*Blumberg* v. *M. & T. Inc.*, *supra*; *Delk* v. *Mobilhomes, Inc.*, 118 Cal.App.2d 529 [258 P.2d 75].) But he is not required to warn invitees of obvious dangers, as he is entitled to assume that invitees will perceive the obvious by the use of their own senses. (*Delk* v. *Mobilhomes, Inc.*, *supra*; *Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793] ; *Dingman* v. *A. F. Mattock Co.*, 15 Cal.2d 622 [104 P.2d 26].) Thus the owner's duty is usually rationalized on the ground that he has superior knowledge of an existing danger of which his invitees are unaware. ▮ If he is ignorant both actually and constructively of the danger, he is not liable. (*Perbost* v. *San Marino Hall-School*, 88 Cal.App.2d 796 [199 P.2d 701] ; *Mautino* v. *Sutter Hospital Assn.*, 211 Cal. 556 [296 P. 76].)

Innumerable cases have applied these rules to situations where an invitee is injured due to some natural or artificial condition on the premises. But the owner's duty to his invitees extends beyond protection against injuries due to the conditions of the premises. ▮ He must use reasonable care to protect them against injury through the negligent or wrongful acts of other invitees on the premises where he has reasonable cause to anticipate such acts and the probability of injury resulting therefrom. (65 C.J.S. 533; 2 Rest., Torts, § 348.) As Prosser says (Prosser on Torts, 1941 ed., 643-644) : "In particular, the possessor must exercise the power of control or expulsion which his occupation of the premises gives him over the conduct of a third person who may be present, to prevent injury to the visitor at his hands. He must act as a reasonable man to avoid harm from the negligence ..... of other persons who may have entered it, or even from intentional attacks on the part of such third persons. He is required to take action only when he has reason to believe, from what he has observed or from past experience, that the conduct of the other will be dangerous to the visitor; and in the ordinary case a warning will be sufficient, unless it is apparent that, because of lack of time or the character of the conduct to be expected, it will not be

effective to give protection." ■ We are of the view that the law imposes a duty upon the owner of a restaurant to use reasonable care to protect his invitees against assaults by third persons also upon the premises.

Although there is no direct authority in California upon this point, the principle has been inferentially recognized by the Supreme Court (*Cole* v. *Rush,* 45 Cal.2d 345, 352-353 [289 P.2d 450]), and a number of cases from other jurisdictions have specifically so held. (See cases collected in 106 A.L.R. 1003.) ■ A person who enters a restaurant to eat a quiet meal has the right to assume that the management will use reasonable care to guard him against injury. A restaurant keeper may not sit idly by when he knows that one of his customers is likely to be assaulted by a third person on the premises, and leave it to the customer to extricate himself from danger. In many of the cases the negligence of the proprietor consisted of the failure to warn the customer of danger of which the proprietor had knowledge, which, of course, is not the basis of plaintiff's claim of negligence. Defendant had no knowledge of threatened injury from third persons which was not also possessed by plaintiff. Under the rule we have stated the proprietor's duty arises from his control over the premises and his power to restrain or expel offenders against the peace and safety of the premises.

In this connection, plaintiff relies strongly on two fairly recent California cases, *Edwards* v. *Hollywood Canteen,* 27 Cal.2d 802 [167 P.2d 729], and *Thomas* v. *Studio Amusements, Inc.,* 50 Cal.App.2d 538 [123 P.2d 552]. In the Edwards case, plaintiff, a volunteer hostess at the Hollywood Canteen, recovered damages against defendant on the ground that defendant was negligent in permitting her dancing partner to engage in boisterous dancing without her consent. In the Thomas case, plaintiff, who was roller skating on defendant's rink, recovered damages on the ground of defendant's negligence in failing to control reckless roller skating by another skater. In both situations, plaintiff was injured in the very type of activity for which the premises were held open to the public. This fact, however, was not given as a reason for the holding of liability. In *Edwards* v. *Hollywood Canteen, supra,* 27 Cal.2d 802 at page 810, the court cited the Restatement, Prosser, 35 Mich.L.Rev. 843 and 43 Yale L.J. 886 and stated "From the foregoing it is clear that the occupier is under a duty to protect visitors such as plaintiff by taking appropriate measures to restrain conduct by third

persons which he should be aware of and which he should realize is dangerous.''

Defendant argues that in any event plaintiff's injuries were not caused by any negligence on his part, but were due to the independent acts of the assailants. This contention is without merit. The assault was the very hazard which imposed upon defendant a duty to interfere on behalf of plaintiff. There are other questions suggested by the allegations of the complaint, namely, whether plaintiff was guilty of contributory negligence in failing to leave the premises when she was threatened, whether defendant was negligent in failing to interfere, and whether his interference would have prevented the assault. These are factual questions as to which the allegations of the complaint are sufficient and which can only be answered upon a trial of the issues.

The allegations of the complaint are, we think, sufficient to state a cause of action against defendant.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.