[Civ. No. 14763. Second Dist., Div. Three. Sept. 19, 1945.]

CLARENCE LAMAR, Respondent, v. JOHN & WADE, INC. (a Corporation), Appellant.

Forrest A. Betts for Appellant.

Lasher B. Gallagher and Murray H. Roberts for Respondent.

SHINN, J.—Plaintiff had verdict and judgment against John & Wade, Inc., for personal injuries sustained when a stack of rock lath fell upon him while he was helping unload defendant's truck. Defendant appeals, urging insufficiency

of the evidence to show negligence upon its part, and claiming that the evidence established its defenses of assumption of risk and contributory negligence.

Atkinson & Pollock Company was constructing buildings at Norco, California, and employed John & Wade to haul rock lath from Corona to the building site. One Olsen was defendant's truck driver. Plaintiff was a laborer employed by Atkinson & Pollock Company. The rock lath was in sheets 18" x 48." Several sheets were bound together with gummed paper, making each bundle two or three inches thick, weighing 50 or 60 pounds. They were stacked in nine tiers of 21 to 23 bundles each, to a height of some four feet, crosswise, in the truck bed, the load consisting of 210 bundles. There was a clearance of a couple of feet at each end of the tiers and the bed was filled from the cab to within a foot or two of the rear end, which had no tail board. During transit the load was roped down. One of the buildings was against a side hill. A dirt road, ten feet wide, ran up the hill alongside the building to the level of the third or fourth floor. It had a grade of 18 or 20 per cent and in places, up to 30 per cent. After Olsen had delivered several loads to other points he was sent up this road by the foreman of Atkinson & Pollock Company to unload at about the level of the second floor. The truck was stopped at that point and the unloading began. Olsen lifted bundles from the front end and handed them down to Atkinson & Pollock's employees, who stacked them on the ground. Plaintiff, upon orders from his foreman, climbed upon the rear of the truck floor and handed bundles down to the right of the truck, toward the building. When he had unloaded two tiers at the rear he left to go to a rest room. While he was away Olsen moved the truck forward four or five feet and in doing so increased the angle of inclination above what it had been. The grade there was 20 per cent or thereabouts. When plaintiff returned to the truck he climbed onto the floor from the rear. As he was removing the first bundle from the top of a tier the bundles slipped down "like a deck of cards," and nearly all of the tier came down. Plaintiff jumped from the truck but the bundles fell upon him, broke his legs and caused other injuries. One of the witnesses to the accident was a truck driver who was working for Atkinson & Pollock, taking the bundles as they were handed down by plaintiff. He testified that as the truck

was moved forward it "quivered." Plaintiff testified that as he removed a bundle he placed his hands under it and lifted it and that he did not pull the bundles toward him. Accepting this testimony as true, as the jury evidently did, it would follow that the tier fell because it was out of balance, due to the inclination of the truck floor and perhaps also to some displacement caused by the jerky motion of the truck as it was moved ahead. The danger that was inherent in this condition is proved by the fact that the slabs slipped from the tier and fell. The place where plaintiff was working was not a reasonably safe one at the time; it had been provided by defendant as a place for workmen and plaintiff had done nothing which rendered it unsafe.

The jury was instructed that if plaintiff was found to be an invitee (as that term was defined in the instruction), defendant owed him a duty to exercise ordinary care to provide him with a reasonably safe place in which to work. It is contended that defendant did not have that duty, that it did not create the conditions, that its driver placed his truck as directed by the foreman of Atkinson & Pollock and was not responsible for the resulting condition of danger. A sufficient answer is that it was a reasonable conclusion that the moving and replacing of the truck, in the manner described, which was solely the act of defendant's employee, caused the pile of lath to become out of balance and brought about the dangerous condition.

That plaintiff was an invitee of defendant cannot be seriously questioned. The unloading was for the mutual benefit of defendant and Atkinson & Pollock. If plaintiff's services were not expressly requested they were accepted by defendant, and the manner in which they were being performed was known to defendant. The jury was correctly instructed as to the conditions under which plaintiff might be found to have been defendant's invitee, substantially as stated in *Aguilar* v. *Riverdale C. C. Assn.* (1930), 104 Cal.App. 263 [285 P. 889]. The implied finding that he was an invitee upon defendant's truck is sustained by the evidence.

Appellant's further argument, in support of which many cases are cited, is that even if plaintiff was an invitee he assumed the risk of injury, due to the conditions under which he was working. These conditions, it is said, were just as obvious to plaintiff as they were to defendant and he there-

fore assumed the risk of working under them and is equally responsible for the consequences. If this were the only logical conclusion from the facts in evidence, the point would be well taken and the defense would have been established. But the jury was not obliged to believe that plaintiff knew, or in the exercise of ordinary care would have known, that the tier was likely to fall upon him. He was a common laborer and inexperienced in the work he was doing. He had unloaded two tiers with safety. While he was absent from the truck it had been moved and placed upon a greater angle of inclination. He observed that it was being moved as he started away and of course saw how it stood when he returned. In this process the truck had "quivered," which would have had a tendency to unsettle the load and put the unsupported rear tier out of balance, but there was no evidence that plaintiff knew this. As against plaintiff's inexperience, Olsen was experienced in the work and was in charge of it. The surfaces of the lath were not sufficiently rough to prevent its slipping when the tier was tipped at such an angle. Appellant argues that if Olsen should have known this, plaintiff also should have known it. Olsen evidently did not know it. ■ But negligence may consist of not knowing and of doing what should not be done, without knowledge as to what the consequences may be. ■ Plaintiff evidently did not know that the lath might fall. He had a right to place some reliance in Olsen's judgment. He had not created the condition and did not have as great a responsibility as Olsen had. ■ Those who supervise and direct how work shall be done have a responsibility toward the men who do purely manual labor and they cannot shift that responsibility. ■ The jury concluded that Olsen was negligent because he should have known better than to place the truck at a dangerous angle. That was an altogether proper conclusion. Plaintiff was required to use only the common care and skill of a manual laborer in deciding whether he was in danger. The jury could have found that he also was negligent but we think the finding that he was not negligent was the more reasonable. The angle at which tiers of rock lath will slide and fall is certainly not a matter of common knowledge, and plaintiff, who only accepted conditions as he found them, was not required to have an uncommon knowledge as to their safety.

What we have said distinguishes the present case from the

many cited by appellant. They are either cases in which accidents arose under conditions which became unsafe solely in the prosecution of the work and because of the manner in which it was done, or in which the dangerous condition was one which was known or would have become known in the exercise of ordinary care. The case before us does not belong in either class. The immediately dangerous condition was created by defendant and the danger was not one which an unskilled laborer would necessarily have recognized in the exercise of ordinary care.

Appellant criticizes the allowance of an amendment of the complaint during the trial. It is unnecessary to discuss the point. The complaint was sufficient without the amendment.

The judgment is affirmed. The attempted appeal from the order denying motion for new trial is dismissed.

Desmond, P. J., and Wood (Parker), J., concurred.