[Civ. No. 19232.   Second Dist., Div. One.   June 17, 1953.]

HERBERT C. DELK, Appellant, v. MOBILHOMES, INC. (a Corporation), Respondent.

Garibaldi & Cummins for Appellant.

Moss, Lyon & Dunn, Sidney A. Moss and Henry F. Walker for Respondent.

SCOTT (Robert H.), J. pro tem.—Plaintiff appeals from a judgment entered upon a directed verdict in favor of defendant in an action for personal injuries.

Defendant constructed ready built homes. Plaintiff's employer, Tegland Transportation Company, moved them to purchaser's lot. To facilitate loading of the houses a pit had been dug at the south end of the factory with a ramp at the south end of the pit so that equipment could back down into the pit to receive the load. The pit was 300 feet long—running north to south—and was 22 feet wide. In the process of loading one of these homes, and while it was on its way from the factory to the truck and dollies on which it was to travel, the house had reached a place where it was held up by the following supports: (1) Four cribbing blocks —one at each corner, resting on the ground: (2) Four jacks, one being placed on top of each cribbing block; (3) Two steel "H" beams running parallel and each resting on two of the jacks, with paper placed between the jacks and beams to keep them from slipping off each other. The house then rested on top of the beams.

On the day of the accident the cribbing block at the southwest corner sank slightly into the ground, the jack resting on it tilted and the beam dropped far enough to hit and injure plaintiff who was under the house, on his way out after doing some work there.

Plaintiff had been a house mover for eight weeks and in that time none of the jacks had slipped. There was evidence that in this case the cribbing block sank because the ground was moist.

In doing the job on the day of the accident plaintiff was an invitee of defendant, and the latter owed plaintiff a duty to exercise ordinary care to provide him with a reasonably safe place in which to work. (*Lamar* v. *John & Wade, Inc.,* 70 Cal.App.2d 806, 809 [161 P.2d 970].) If there is danger attending upon the work which an invitee is asked to do and such danger arises from causes or conditions not readily apparent to the eye, it is the duty of the owner to give such person reasonable notice or warning of such danger. *Hinds* v. *Wheadon,* 19 Cal.2d 458, 460 [121 P.2d 724].

Evidence was presented which would support a finding that the soil on which the blocks rested was sandy loam, and that the bearing capacity was decreased by dampness. Because of this the blocks would bear less weight and would sink more readily if weight were applied when the ground was moist than would be the case if it were dry.

Plaintiff testified that on the day of the accident the ground appeared to be about the same as on previous occasions when he had helped move a house—neither wetter nor drier. In addition to moisture from rain there was seepage or water running over from a cesspool (referred to as cesspool No. 2). This had been going on for two or three weeks prior to the accident. Plaintiff's fellow workmen had complained of this unpleasant condition and it was known to defendant.

■ The trial court properly held that the evidence was, as a matter of law, not sufficient to establish negligence on the part of defendant because of the presence of moisture in the ground, whether it was due to rain or to the cesspool. The condition was obvious to the sense of smell as well as to the sight of both parties, it had existed for two to three weeks while house-moving operations had proceeded in the same manner as on the day of the accident and without mishap, the ground appeared no wetter—and perhaps drier than before —on the day in question. In fact there was nothing in that condition which required defendant to go out and say to plaintiff: ''Don't move any houses today—the ground is too moist.'' Such an admonition might well have evoked the response: ''My boss says that you build the houses and we will move them. That is his business and if he thinks the ground is too moist he will take proper precautions or tell me to wait until it dries out.'' After the accident the same blocks and jacks were moved two to three feet right in the pit and the house-moving operation was completed.

■ ''The owner of premises is not an insurer of the safety of his invitees. He becomes liable for their injuries suffered on his property solely by reason of his superior knowledge of the existing danger to invitees who may enter his grounds while in ignorance of the peril.'' (*Perbost* v. *San Marino Hall-School*, 88 Cal.App.2d 796, 803 [199 P.2d 701].) Assuming there was danger attending upon the work which the plaintiff was invited to do, that danger was as obvious to plaintiff as to defendant. ■ An invitor is not required to give an invitee warning or notice of obvious danger but is entitled to assume that the invitee will perceive that which

would be obvious to him upon the ordinary use of his own senses. (*Shanley* v. *American Olive Co.*, 185 Cal. 552 [197 P. 793]; *Dingman* v. *A. F. Mattock Co.*, 15 Cal.2d 622 [104 P.2d 26].)

There was one other claim of negligence which related to another cesspool, No. 3, which had been encountered in the process of excavating for the loading pit. It was located in the southeast corner of the pit. Cesspool No. 3 had been filled in but the earth fill had not been tamped nor had any other thing been done to pack it down, except to run the machine over it. This was probably insufficient to make the earth in the fill as firm as that surrounding it. The evidence is clear that the cribbing block at the south*east* corner of the loading pit was *not* the one which sank into the earth and caused the tilting of the jack. The beam resting on that jack did not fall. The block in that corner bore its load properly. It was the block in the south*west* corner on the other side of the pit away from the filled cesspool which sank slightly and resulted in injury to plaintiff. There is no evidence which could support a finding that any negligence of defendant in not properly filling cesspool No. 3 was a proximate cause of the accident or of any injury to plaintiff.

In *Petersen* v. *Lewis*, 2 Cal.2d 569 [42 P.2d 311], the Supreme Court affirmed the judgment of the trial court entered pursuant to a directed verdict in favor of defendant and said: "By proving the negligence of the defendant without in some way fastening that negligence to the injury, a case is not made out." Among other cases it cites *Puckhaber* v. *Southern Pac. Co.*, 132 Cal. 363, 364 [64 P. 480], where it is said: "It is a basic element in every right of recovery that a defendant's negligence must contribute to the injury,—must be the proximate cause of the injury. By proving defendant's negligence, without in some way fastening that negligence to the injury, a case is not made out. . . . And unless the negligence is connected with the injury, the case stands exactly as if no negligence had been proven."

A motion for a directed verdict for defendant may be granted only when, disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legal inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such verdict were given.

534

(*Martin* v. *Food Machinery Corp.,* 100 Cal.App.2d 244, 252 [223 P.2d 293].)

We are unable to discover in the record any evidence sufficient to support a verdict for plaintiff. ■ When it can be said as a matter of law that no reasonable conclusion is legally deducible from the evidence other than would sustain a verdict for the defendant, and that any other holding would be so lacking in evidentiary support that an appellate court would be impelled to reverse it upon appeal or a trial court set it aside, a trial court is justified in taking the case from the jury and rendering the decision itself. (*Docherty* v. *Key System,* 80 Cal.App.2d 888, 889 [184 P.2d 33].)

Judgment affirmed.

White, P. J., and Doran, J., concurred.