[Civ. No. 18532. First Dist., Div. One. Feb. 25, 1960.]

ANTHE KORAKAKIS, Appellant, v. IRVING M. FREEMAN et al., Respondents.

Barbagelata, Zief & Carmazzi, Robert D. Barbagelata and Rinaldo A. Carmazzi for Appellant.

Daniel J. O'Brien, Jr., and Daniel J. O'Brien III, for Respondents.

TOBRINER, J.—The victim of this pedestrian-automobile accident appeals from an adverse judgment. She alleges two errors: the court's refusal to instruct the jury in accordance with her twenty-first proposed instruction, and confusion in the court's reinstruction on contributory negligence. These claims, which we consider both separately and cumulatively, do not compel a reversal of the judgment.

We need recite the facts but briefly. When on December 5, 1955, appellant walked along Balboa Street between Seventh and Eighth Avenues, she opened her umbrella to protect herself from a drizzle. She stopped on the sidewalk of the corner of Seventh and Balboa. Intending to cross Seventh Avenue in the southern pedestrian lane, she looked in both directions for approaching vehicles but saw none. Holding the umbrella straight over her head, appellant, without any hurry, took several steps.

Respondent, who was travelling south on Seventh Avenue, in the block between Anza and Balboa Streets, estimated his speed at "15 or 20 miles an hour"; he testified he slowed to "5 miles at the intersection" of Seventh and Balboa. Mrs. Baron, who was a passenger in his car, recalled that respondent came to a full stop at the entrance of this intersection; the crosswalk was directly in front; she glanced from her package to a point in the next block. Mrs. Baron was unable to state whether or not there was a pedestrian in the crosswalk. In the middle of the intersection she looked down; she heard a thud and then saw an umbrella in front of the right fender. Respondent likewise saw appellant's umbrella; he felt an impact as he swerved. Respondent stopped immediately

but without jerking Mrs. Baron. Appellant claims to have suffered serious injury from the described accident.

■■■ Appellant appeals from an adverse judgment which followed the jury's verdict for respondents. Her first contention, that the trial court erred in refusing her twenty-first proposed instruction as to a violation of the pedestrian right of way constituting negligence *per se,* cannot stand when considered in the light of the proposed instructions and pertinent authorities.

The trial court instructed the jury that the Vehicle Code provided that a driver of a vehicle yield the right of way to a pedestrian within the crosswalk;[1] that the driver "use reasonable care to see and observe other motorists or pedestrians lawfully using the public streets and highways, and to exercise ordinary care and caution to avoid injury to them,"[2] but did not instruct as to "the legal effect of conduct in violation of the Vehicle Code." Appellant submitted an instruction which, enmeshed in an instruction on limitations on speed, stated that an unexcused "violation of the law must be held to constitute negligence as a matter of law on the part of such operator,"[3] but this instruction was not given by the court.

---

[1] "Section 560(a) of the Vehicle Code of the State of California, which was in effect at the time of the accident, provides: 'The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk, or within any unmarked crosswalk at an intersection.' " (Plaintiff's Instruction No. 20, given as proposed.)

[2] "Aside from the mandate of this statute, it is the duty of the driver of a vehicle to use reasonable care to see and observe other motorists or pedestrians lawfully using the public streets and highways, and to exercise ordinary care and caution to avoid injury to them." ([Last paragraph of] Plaintiff's Instruction No. 19, given as modified.)

[3] "*Plaintiff's Proposed Instruction No. 21 Violations Vehicle Code—Negligence.* The violation of any express provision of the Vehicle Code, which I have read to you, except provisions regarding the miles per hour limitations on the speed of vehicles, presumptively is negligence as a matter of law. If you find defendant operator violated any provision of the Vehicle Code read to you, excepting the provisions relating to the miles per hour limitations on the speed of vehicles, and that such violation was not excused by any of the facts or circumstances in evidence, then, such violation of the law must be held to constitute negligence as a matter of law on the part of such operator. However, it still remains for you to determine from the evidence whether such negligence, if any, proximately caused the injuries complained of by plaintiff. Regarding violations of any of the provisions relating to the miles per hour limitations on the speed of vehicles, you may consider such violations, if you find any are present, in this case, in determining whether or not defendant operator was guilty of negligence. (Covered by Court's Instruction—CWM)''

Appellant's demand that the "legal effect" of the Vehicle Code section be spelled out to constitute negligence as a matter of law meets the following obstacles: (1) The given instruction that the motorist must use reasonable care toward the pedestrian in the public streets and that he must yield the right of way to a pedestrian crossing the roadway within any unmarked crosswalk at an intersection must have meant to the jury that any failure to meet such standards constituted negligence: i.e., the failure to exercise such care. (2) Appellant failed to propose a simple, clear instruction that a violation of Vehicle Code, section 560, subdivision (a), requiring a motorist to yield the right of way to a pedestrian crossing the road in a crosswalk is presumptively negligent as a matter of law.

Thus, in the first place, if appellant desired such an instruction, she should have requested it directly (*Daniel* v. *Asbill* (1929), 97 Cal.App. 731, 739 [276 P. 149]) instead of embedding it in part in a lengthy instruction on miles per hour. A party may not complain of the trial court's refusal to give an instruction unless he requests it specifically and it is not objectionable upon any grounds. (*Carbaugh* v. *White Bus Line* (1921), 51 Cal.App. 1, 5-6 [195 P. 1066].) Appellant in her nineteenth proposed instruction[4] requested an instruction on miles per hour limitation which informed the jury that a violation of such limitation is negligence *per se*. Consequently the only motivation for the repeated references to miles per hour limitations contained in appellant's twenty-first proposed instruction must have been to accent this part of her case. Yet, obviously, a trial judge "need not give more than one instruction on a given

---

[4]Modified and given by the court: "The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles per hour, is not proof either of negligence or of the exercise of ordinary care. Whether that rate of speed is a reasonable one is a question of fact, the answer to which depends upon all of the surrounding circumstances. The basic speed law of this state is that no person shall drive a vehicle upon the highway—and, of course, when I say 'a highway,' it means streets and so forth—no person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on and the surface and width of the highway, and in no event at a speed which endangers the safety of persons or property. A violation of this basic speed law is presumptively negligence, as a matter of law. Aside from the mandate of this statute, it is the duty of the driver of a vehicle to use reasonable care to see and observe other motorists or pedestrians lawfully using the public streets and highways, and to exercise ordinary care and caution to avoid injury to them. (Plaintiff's Instruction No. 19, given as modified.)"

question of law. . . ." (*Ideal Heating Corp.* v. *Royal Indem. Co.* (1951), 107 Cal.App.2d 662, 668 [237 P.2d 521]); indeed, repetitious instructions unduly magnify that party's theory of the law (*Chutuk* v. *Southern Counties Gas Co.* (1942), 21 Cal.2d 372, 381 [132 P.2d 193]).

In the second place, the trial judge may refuse an instruction that compels modification since the court is not required to extract a proper portion from an omnibus instruction (*Nelson* v. *Southern Pacific Co.* (1937), 8 Cal.2d 648, 653 [67 P.2d 682]); such an instruction may be refused even though, if it had been given, error would not be prejudicial (*Visher* v. *Webster* (1895), 13 Cal. 58, 61). Under these tests the judge was justified in refusing the instruction.

The trial judge's notation at the bottom of the proposed instruction stating, "Covered by Court's Instruction," showed that he considered it to be merely another instruction concerning the basic speed law which he had covered in appellant's nineteenth instruction, hereinabove set out, and that the very complexity of the proposed instruction obscured to the trial judge any other provision in it. In any event the Supreme Court long ago expressed the rule that the "sufficiency of the arguments of the Judge" does not determine the propriety of an instruction "but only the soundness of his conclusions" as to it. (*People* v. *Sears* (1861), 18 Cal. 635, 636.) Finally, appellant's nineteenth instruction stated that a speed violation constituted negligence *per se*; yet the first paragraph of her twenty-first instruction states the opposite; the instruction was confusing at best and hence should not have been given to the jury.

Appellant cites *Satterlee* v. *Orange Glenn School Dist.* (1947), 29 Cal.2d 581 [177 P.2d 279], and *Zamucen* v. *Crocker* (1957), 149 Cal.App.2d 312 [308 P.2d 384], in support of her contention. However, Satterlee held that: (1) the court properly refused appellant's requested instruction that violation of section 550 of the Vehicle Code constituted negligence, since it "invaded the province of the trier of fact by not tendering for consideration the issue as to whether the circumstances were such as to excuse violation" (p. 591); and (2) the court's instruction on contributory negligence on the reasonable man theory caused reversible error since any violation of the statute by plaintiff entitled the defendant to a contributory negligence *per se* instruction. (Pp. 592-593.) The Zamucen case, *supra*, merely held that the trial court erred in not giving a requested instruction that driving a

vehicle on a public highway while intoxicated is negligence *per se*; the court stated: "[T]he instruction refused stated a correct principle of law and therefore the refusal to give it, *as distinguished from the failure to modify* . . . was clearly error." (P. 317; emphasis added.) Therefore, neither case required the trial court in the instant case to modify appellant's twenty-first instruction.

■ Appellant's second contention is that the trial court's instruction on contributory negligence and burden of proof was confusing, misleading and prejudicial.

Appellant objects to the reference to "slight" in defining a "want of ordinary care" which would constitute contributory negligence. Not only is the instruction not objectionable as such but also appellant's own use of the same adjective in two proposed instructions undermines the argument. Appellant herself suggested one instruction that "slight negligence," which was not a proximate cause of injury, would not prevent recovery, and another that if plaintiff were negligent "in some slight degree," and such negligence were not a proximate cause, plaintiff should prevail. "Slight" does not change its verbal force solely because of the personality of the party who writes it into an instruction. ■ "It is well established that a party cannot complain of an error in an instruction given at the request of his adversary when one requested by him also contains the same error." (*Zuckerman* v. *Underwriters at Lloyd's London* (1954), 42 Cal.2d 460, 470 [267 P.2d 777].)

■ Appellant seizes upon the instruction on contributory negligence as a further and ancillary argument in that a request of the jury for reinstruction upon that issue resulted in some further difficulty. The court, after rereading the instruction, attempted to paraphrase the latter part and confused "plaintiff" for "defendant" and vice versa. But appellant immediately called the error to the court's attention and the court corrected itself. The foreman of the jury asked the court to repeat this instruction "once more" and the judge complied, again accurately rereading it. In response to a juror's request, the court reinstructed the jury on the rules as to presumption and the duty of an automobile driver. Then the judge asked, "Have you anything else to suggest," to which appellant responded "No, your Honor." We do not find error in this reinstruction of the jury.

■ Appellant urges that a portion of the instruction

on contributory negligence erroneously states the law. The sentence read, "Unless it is shown by or may be inferred from the evidence offered by the plaintiff, such negligence is a matter of defense, to be proved affirmatively by the defendant by a preponderance of the evidence." As respondent indicates, numerous Supreme Court decisions have utilized almost identical language; appellant's attack collapses.

Appellant finally contends that the entire reinstruction of the jury was sufficiently confusing to necessitate a new trial. A reading of these instructions does not indicate any confusion; rather, the juror's questions demonstrate that the verdict rested upon a finding that appellant's recovery was barred by contributory negligence.

In conclusion, we do not find upon a consideration of the entire record, and the instructions read as a whole, that, even assuming some error in phraseology of the instructions, prejudicial error under article VI, section 4½, of the California Constitution occurred here. As the Supreme Court stated in *Shuey* v. *Asbury* (1936), 5 Cal.2d 712, 713 [55 P.2d 1160], "It is now settled law that a judgment will not be reversed by reason of an erroneous instruction, unless upon a consideration of the entire case, including the evidence, it shall appear that such error has resulted in a miscarriage of justice. The usual consequence is, that there will be no cause for reversal unless the evidence indicates that without such error in the instructions the verdict probably would have been different from the verdict actually returned by the jury."

We do not believe the jury would have come to a different result because of the use of more precise and technical language in the instructions in view of their overall meritorious substance. The very process of unearthing appellant's points from the above involvements must demonstrate their inherent legalistic nature. We cannot believe rearrangement or refurbishing of the instructions would have reached the importance of producing a different verdict.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 20, 1960.