[Civ. No. 19916. First Dist., Div. Two. May 28, 1962.]

RICHARD J. GRESS, Plaintiff and Respondent, v. OLIVER ROUSSEAU et al., Defendants and Appellants.

*Assigned by Chairman of Judicial Council.

Berry, Davis, Channell & McNamara, Samuel H. Berry, Herbert Chamberlin and John F. Vandepoel for Defendants and Appellants.

Kenneth L. Johnson and Everett H. Roan for Plaintiff and Respondent.

AGEE, J.—Defendants were the owners and general contractor for construction of a shopping center. They appeal from a judgment entered upon an adverse jury verdict in a personal injury action brought by plaintiff. The only questions raised on this appeal relate to instructions given or refused on the issues of negligence and contributory negli-

gence. As stated by appellants, they do "not question the sufficiency of the evidence to support the verdict and judgment for plaintiff and the implied findings favorable to him on issues of negligence and contributory negligence."

Respondent was employed as a plasterer by the plastering subcontractor on the project. His equipment consisted of a spray gun to which was attached a hose connected to a hopper equipped with an air compressor unit which forced the plaster through the hose and out the spray gun. On the morning of July 29, 1958, respondent began plastering the side of a building called the Gourmet House. In order to reach the upper part, he stood on planks placed on top of steel beams which extended between this building and the adjacent building. The space between these two buildings was designed as a breezeway and a canopy or roof had been constructed over it, suspended from the steel beams. Four large holes or openings had been cut by appellants' carpenters in the roof to accommodate the tops of palm trees which were later to be planted below in planters. Temporary plywood covers had been placed over these holes after they were cut in order to protect workmen from falling through.

As respondent progressed along the plankway, with his spray gun directed toward the side of the building, the hose became caught in some manner and he stepped backward off the planks and onto the roof in order to pull the hose free. While so doing, he fell through one of the openings to the ground level below and was injured. There was no covering over this hole at the time. The construction of the roof had been completed and the only work in progress near the scene was the plastering.

Respondent charged in his complaint that appellants had negligently removed the plywood covering and neglected to cover the opening in question or take any action to protect the workmen from such dangerous condition. The jury was instructed that respondent was restricted to this charge.

### INSTRUCTIONS ON NEGLIGENCE

Appellants admit that they are the "employer" of respondent within the definition of section 6304 of the Labor Code (*Atherley* v. *MacDonald, Young & Nelson, Inc.*, 142 Cal.App.2d 575, 581-582 [298 P.2d 700]) but deny that they are subject to the safety regulations provided in said code. Section 6400 of the Labor Code requires the employer to furnish a place of employment which is safe for the employees

therein. Section 6401 of the Labor Code requires that the employer shall do everything reasonably necessary to protect the safety of employees, including the use of safety devices, safeguards, and methods reasonably adequate to render such place of employment safe. The jury was instructed on these three sections and was told that the duty to provide respondent with a safe place to work was nondelegable. (*Atherley* v. *MacDonald, Young & Nelson, Inc.*, 142 Cal.App.2d 575, 583 [298 P.2d 700].)

In support of their position, appellants cite *Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100 [18 Cal.Rptr. 527, 368 P.2d 127], and *Woolen* v. *Aerojet General Corp.*, 57 Cal.2d 407 [20 Cal.Rptr. 12, 369 P.2d 708]. These cases hold that where an owner or general contractor does nothing more with respect to the work done by an independent contractor than exercise general supervision and control to bring about its satisfactory completion, it is not its responsibility to assure compliance with all applicable safety provisions of the Labor Code, including those relating to the manner in which the independent contractor performs the operative details of his work.

In the instant case, the cutting of the holes in the roof was work done by appellants' own carpenters and the plywood covers were constructed by them. There was no subcontractor who did any work on the roof except the one who applied the tar and gravel and this work had been completed and accepted by appellants one week before the accident. At the time of the accident, appellants, both as owner and general contractor, had complete control and custody of the roof. Under these circumstances, the instructions given on the safety provisions of the Labor Code were proper.

Appellants also contend that the instructions given should have been qualified by the giving of their proposed instructions numbered 2, 22, 24 and 26.

The jury was instructed that if appellants knew, or in the exercise of ordinary care should have known, that the work of the *general* type (plastering) in which respondent was engaged was reasonably likely to be done in the vicinity of the tree-well opening, then appellants were under a duty to exercise ordinary care to prevent the occurrence of injuries reasonably likely to occur in connection with such work by reason of the defect, if any, of said tree-well opening; that it was not necessary in order to impose this duty that appel-

lants have knowledge of or be able to foresee the *exact* manner in which the work was to be done. (Italics ours.)

Appellants' proposed instructions numbered 2 and 24 are to the effect that respondent was subject to the control and direction of the plastering subcontractor as to the details and manner of the plastering work and that appellants could not be held legally responsible for any negligence of such subcontractor or his employees. Except as to the effect of any (contributory) negligence of respondent, which is later discussed herein, these instructions purport to do no more than negate an imposition of liability upon the theory that the negligence of the subcontractor or of his employees might be imputed to appellants. But such an issue was never raised. "While a defendant is entitled to instructions on any applicable theory of defense, he is not entitled to instructions setting forth a defense to a cause of action not relied upon in any way by the plaintiff." (*Peterson* v. *Cruickshank*, 144 Cal.App.2d 148, 168 [300 P.2d 915].)

Appellants' proposed instruction 22 told the jury that if it believed that the sole proximate cause of respondent's injury was some negligence, if any, upon the part of his fellow employees, without there having been any negligence on the part of appellants contributing thereto, then appellants were not liable to respondent. As will be seen, the court gave appellants' proposed instruction 25, as modified, in which it was told that the only basis of a recovery by respondent against appellants was as set forth in his complaint.

Appellants' proposed instruction 26 is embodied in proposed instruction 25, which is more complete and was given as modified by the court. It told the jury that respondent was restricted to the theory of liability as alleged in his complaint and that this theory was that appellants had negligently removed the plywood covering from the tree-well opening and had neglected to cover up said opening or take any action to protect respondent from such dangerous condition.

### INSTRUCTIONS ON CONTRIBUTORY NEGLIGENCE

Appellants complain that the instructions given on contributory negligence were general in character and were numerically few and disproportionate to the number of instructions given on negligence. We do not agree. There is some disparity in the length of the instructions on the two issues by reason of the content of those instructions which relate to the terms of the safety orders involved and the

duties imposed by sections 6400 and 6401 of the Labor Code. Also, some of the instructions relate to both issues, such as the definitions of negligence, ordinary care, and proximate cause.

Instructions need not be given in such fashion that the number which presumably favor one party will equal or counterbalance the number which presumably favor the other. (*Bates* v. *Newman,* 121 Cal.App.2d 800, 808 [264 P.2d 197].)

Nor need a court give more than one instruction on a given question of law. (*Korakakis* v. *Freeman,* 178 Cal.App. 2d 331, 335-336 [2 Cal.Rptr. 802].

Appellants call attention to a portion of their proposed instruction number 2, which states that appellants would not be liable for respondent's negligence in the manner in which he undertook to carry out his duties. We have heretofore discussed the nonapplicability of this proposed instruction as a whole, on the ground that it embodied matters not in issue. The court was not required to extract from it the portion which appellants now discuss. (*Korakakis, supra,* p. 336.) Furthermore, the jury was fully and correctly instructed on what constituted contributory negligence and was twice expressly told that such negligence would bar a recovery by him.

"As long as the instructions cover the issues involved and correctly and fully state the law, the fact that either party would prefer that they be otherwise expressed or expressed in a repetitious manner or different language is immaterial." (*Simpson* v. *Randolph,* 140 Cal.App.2d 571, 577 [295 P.2d 528].)

Appellants' complaint regarding the failure of the court to adopt the wording of their proposed instructions on comparative negligence is without merit. The jury was instructed as follows: "If you should find that there was negligent conduct on the part of more than one person whose conduct is in question in this case, you are not to attempt to determine which was guilty of the greater negligence, with a view to delivering a verdict fashioned or influenced by your opinion as to the comparative wrong of such conduct. If you make a finding of negligence against any one or more persons, you must follow the Court's instructions in deciding whether or not liability should attach, and you must do so without regard to how you might grade or compare the negligence involved if permitted to do so." Contributory negligence was defined as "negligence on the part of a person who thereafter becomes a claimant for damages for alleged injury to his person, and

which negligence, concurring with the negligence of another, contributes in some degree in proximately causing the damage of which the claimant thereafter complains. One who is guilty of contributory negligence may not recover from another for the injury suffered.''

Finally, appellants contend that the court should have given the specific instructions proposed by them to the effect that respondent was required to make reasonable use of his faculties at all times and exercise care commensurate with and proportionate to the danger to which he was exposed. These matters were fully and correctly covered. The court defined ordinary care and instructed the jury that all persons were required to use such care to prevent injury to themselves; that such care must be in proportion to the danger to be avoided and the consequences that might reasonably be anticipated; that the amount of caution required of a person in the exercise of ordinary care depended upon the danger which was or should be apparent to a reasonably prudent person in the particular situation and circumstances involved.

We hold that the jury was fully and correctly instructed on the issues of negligence and contributory negligence.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 25, 1962. Dooling, J.,* participated in place of Traynor, J.

*Assigned by Chairman of Judicial Council.