[Civ. No. 7075. Fourth Dist. Apr. 23, 1963.]

ORVILLE JEAN, Plaintiff and Respondent, v. COLLINS CONSTRUCTION COMPANY et al., Defendants and Appellants.

Chase, Rotchford, Downen & Drukker and William G. Tucker for Defendants and Appellants.

Magana, Olney, Levy, Cathcart & Gelfand and Mitchell Levy for Plaintiff and Respondent.

COUGHLIN, J.—The plaintiff, respondent herein, was injured in the course of his employment as a structural iron worker; fell from a position 15 feet above the ground when the horizontal steel beams of a building then under construction shifted; and was impaled on a reinforcing rod which extended vertically above the concrete foundation below the area where he was working. He was employed by a subcontractor, *viz.* Pacific Iron & Steel Corporation, which had been engaged by the general contractor, *viz.*, Collins Construction Co., a cor-

poration, the defendant and appellant herein, to erect the steel skeleton for the subject building and to place a roof thereon. The cement foundation with vertical protruding reinforcing rods had been installed by the general contractor.

The plaintiff brought this action against the general contractor to recover damages for the injuries sustained, and the latter, in turn, filed a cross-complaint against the subcontractor to recover on an indemnity agreement for any loss it might incur in the premises.

Upon completion of the plaintiff's case the defendant moved for a judgment of nonsuit, and the motion was granted. Thereafter the plaintiff moved for a new trial upon the ground, among others, that the court erred in granting a nonsuit, and this motion was granted. The defendant has appealed from the order granting a new trial, and contends that it was in error because the order granting the nonsuit was proper. The order granting a new trial, in substance, constituted a reconsideration and denial of the motion for a nonsuit.

The facts herein will be stated in accord with the rule that in determining the propriety of an order denying a nonsuit, the evidence, including the inferences to be drawn therefrom, must be considered in the light most favorable to the plaintiff. (*Palmquist* v. *Mercer,* 43 Cal.2d 92, 95 [272 P.2d 26]; *Sunset Milling & Grain Co.* v. *Anderson,* 39 Cal.2d 773, 779 [249 P.2d 24]; *Wood* v. *Samaritan Institution, Inc.,* 26 Cal.2d 847, 849 [161 P.2d 556].)

As a part of his duties, the plaintiff was required to assist in the unloading of bundles of roof sheeting which were deposited on the horizontal steel beams of the skeleton structure by a hoist; were placed so that one end of the bundle was supported by laying it on a flange of one of the steel beams and the other end was rested on the top of the opposite beam; and then were disengaged from the hoist by unhooking the sling which had been placed about them preparatory to their being raised into position. While the plaintiff was unhooking a sling from one of these bundles the steel skeleton shifted, because its members were not solidly attached to each other; he fell to the ground; and was impaled on a reinforcing rod which protruded vertically above the cement foundation, which went into his abdomen and came out through his back.

The defendant general contractor had installed the foundation in question; left the reinforcing rods therein protruding in a vertical direction above the same; had been ad-

vised several times by the union job steward and the subcontractor's foreman that these rods created an unsafe and dangerous condition for men working on the steel structure above them; was advised further that it was against the state law to leave rods exposed in this manner; was told to bend them horizontally with the ground; but refused to accept this advice or follow these suggestions. On a number of occasions the employees of the subcontractor bent many of the protruding rods horizontal with the ground, but the employees of the general contractor, upon orders from the latter, forthwith raised them back to a vertical position. However, there is no evidence that the rods immediately below the place where the plaintiff was working ever had been bent horizontally by anyone.

 Under the facts as related, the Labor Code imposed upon the defendant general contractor, in favor of the plaintiff, a duty to exercise reasonable care to maintain the premises over which it had control in a safe condition. Similarly, the safety regulations adopted pursuant thereto prescribed the standard of care to be exercised in the discharge of that duty. By the provisions of that code an "employer" is required to furnish a place of employment which is safe for the employees therein (Lab. Code, § 6400); "shall furnish and use safety devices and safeguards, and shall adopt and use practices, means, methods, operations and processes which are reasonably adequate to render such . . . place of employment safe" (Lab. Code, § 6401); "shall do every other thing reasonably necessary to protect the life and safety of employees" (Lab. Code, § 6401); shall not fail or neglect to "provide and use safety devices and safeguards . . . [or] adopt and use methods and processes reasonably adequate to render the . . . place of employment safe" (Lab. Code, § 6403); and shall not "Interfere with the use of any method or process adopted for the protection of any employee . . . in such . . . place of employment" or "Fail or neglect to do every other thing reasonably necessary to protect the life and safety of employees." (Lab. Code, § 6406.) The terms "employer" and "place of employment," as used in the foregoing provisions of the code, respectively, are defined as "every person having direction, management, control, or custody of any employment, place of employment, or any employee" (Lab. Code, § 6304); and "any place, and the premises appurtenant thereto, where employment is carried on." (Lab. Code, § 6302.) By virtue of these definitions the provisions

of that code govern the rights and obligations of persons other than those included within ''an employer-employee relationship in the usual sense'' (*Kuntz* v. *Del E. Webb Constr. Co.*, 57 Cal.2d 100, 106 [18 Cal.Rptr. 527, 368 P.2d 127]); and include those between a general contractor and an employee of a subcontractor where the rights and duties in question relate to a place of employment under the direction, management, control or custody of the general contractor. (*Gonzales* v. *Robert Hiller Constr. Co.*, 179 Cal.App.2d 522, 529 [3 Cal.Rptr. 832]; *Atherley* v. *MacDonald, Young & Nelson, Inc.*, 142 Cal.App.2d 575, 581-583 [298 P.2d 700]; *Rodin* v. *American Can Co.*, 133 Cal.App.2d 524, 533 [284 P.2d 530]; cf. same rule where owner is person in control of place of employment: *Stoddard* v. *Rhcem*, 192 Cal.App.2d 49, 58 [13 Cal.Rptr. 496]; *Johnson* v. *A. Schilling & Co.*, 170 Cal.App.2d 318, 322 [339 P.2d 139]; *Maia* v. *Security Lumber & Concrete Co.*, 160 Cal.App.2d 16, 20 [324 P.2d 657]; *Martin* v. *Food Machinery Corp.*, 100 Cal.App.2d 244, 251 [223 P.2d 293].)

The ground underneath the structure upon which the plaintiff was working at the time he fell was a part of his place of employment and, obviously, was under the management and control of the defendant general contractor. (*Dow* v. *Holly Manufacturing Co.*, 49 Cal.2d 720, 725 [321 P.2d 736]; *Gress* v. *Rousseau*, 204 Cal.App.2d 149, 152 [22 Cal. Rptr. 64]; *Johnson* v. *Nicholson*, 159 Cal.App.2d 395, 406 [324 P.2d 307].)

The relationship between a general contractor and the employee of a subcontractor working on a construction project covered by the general contractor is equivalent to that of invitor-invitee. (*Austin* v. *Riverside Portland Cement Co.*, 44 Cal.2d 225, 232 [282 P.2d 69]; *Dingman* v. *A. F. Mattock Co.*, 15 Cal.2d 622, 624 [104 P.2d 26]; *Rodin* v. *American Can Co., supra*, 133 Cal.App.2d 524, 531; *Biondini* v. *Amship Corp.*, 81 Cal.App.2d 751, 760 [185 P.2d 94]; *Lamar* v. *John & Wade, Inc.*, 70 Cal.App.2d 806, 809 [161 P.2d 970]; *Miller* v. *Pacific Constructors, Inc.*, 68 Cal.App.2d 529, 545 [157 P.2d 57].) The area of invitation is dependent upon the nature of the work and the circumstances of the particular case. (*Biondini* v. *Amship Corp., supra*, 81 Cal.App.2d 751, 760.) The general rule which defines the common law obligation of the general contractor to the employee of the subcontractor imposes upon the former the obligation to exercise ordinary care to furnish the latter with a reasonably

safe place in which to work or, if there is danger attendant upon his work which arises from conditions that are not obvious, to give the employee reasonable warning of such danger. (*Austin* v. *Riverside Portland Cement Co., supra,* 44 Cal.2d 225, 233; *Dingman* v. *A. F. Mattock Co., supra,* 15 Cal.2d 622, 624; *Delk* v. *Mobilhomes, Inc.,* 118 Cal.App. 2d 529, 531 [258 P.2d 75]; *Oldham* v. *Atchison, T. & S. F. Ry. Co.,* 85 Cal.App.2d 214, 218 [192 P.2d 516].) Relying on this as the controlling rule in the instant case, the general contractor contends that it is not liable for the injuries sustained by the plaintiff as the result of being impaled on the foundation reinforcing rod because the danger incident to working in a place where a fall thereon might occur was obvious. However, the duties imposed by the Labor Code, where it is applicable, are greater than those imposed by the common law rule generally applicable to the invitor-invitee relationship. (*Kingery* v. *Southern Cal. Edison Co.,* 190 Cal. App.2d 625, 633 [12 Cal.Rptr. 173]; *Johnson* v. *A. Schilling & Co., supra,* 170 Cal.App.2d 318, 324; *Atherley* v. *MacDonald, Young & Nelson, Inc., supra,* 142 Cal.App.2d 575, 581, 587.) The statutory duties imposed by this code required the defendant general contractor to maintain the ground over which the plaintiff was working in a condition reasonably safe for those who might fall thereon while working on the structure above. (Lab. Code, §§ 6400, 6401 and 6403; *Gress* v. *Rousseau, supra,* 204 Cal.App.2d 149, 152 [22 Cal.Rptr. 64]; *Maia* v. *Security Lumber & Concrete Co., supra,* 160 Cal.App.2d 16, 20.) The evidence in the case at bar is sufficient to support a finding by the trier of fact that the defendant general contractor failed to comply with these statutory duties.

 Furthermore, at the time of such accident, Construction Safety Order No. 1703, which previously had been adopted pursuant to the provisions of the Labor Code and was in full force and effect, provided as follows: ''No employee shall be permitted to work above vertically protruding reinforcing steel until it has been so protected that the employee cannot fall or be impaled. This may be accomplished by bending the steel over or covering it with suitable timber or other material.'' (Generally see: Lab. Code, § 6500.)

The defendant general contractor was under a duty to comply with this construction order. (Lab. Code, § 6414.) Its failure to do so constituted negligence per se. (*Armenta* v. *Churchill,* 42 Cal.2d 448, 455 [267 P.2d 303]; *Maia* v. *Security*

*Lumber & Concrete Co., supra,* 160 Cal.App.2d 16, 20; *Atherley* v. *MacDonald, Young & Nelson, Inc., supra,* 142 Cal.App. 2d 575, 583.)

Whether the existence of the vertical protruding reinforcing rods constituted an obvious danger was material only to the issue of contributory negligence. (*Johnson* v. *A. Schilling & Co., supra,* 170 Cal.App.2d 318, 324; *Atherley* v. *MacDonald, Young & Nelson, Inc., supra,* 142 Cal.App.2d 575, 587.) The plaintiff was ordered to assist in unloading the roof sheeting at the place from which he fell. There was testimony directly to the point that if he refused to do so he would have been discharged. Under the evidence in this case, intermediate issues essential to a determination of the question of contributory negligence were whether, at the time the plaintiff took his position above the vertical protruding rods, he knew or in the exercise of ordinary care should have known of the danger created thereby; not only knew of that danger but also knew or should have known the amount of that danger; at the time of and immediately preceding his fall was or should have been conscious of that danger; and whether, in the light of his knowledge, either actual or constructive, and his duty to obey his employer, he acted as an ordinarily prudent man would have acted under the circumstances. (*Austin* v. *Riverside Portland Cement Co., supra,* 44 Cal.2d 225, 229; *Johnson* v. *Nicholson, supra,* 159 Cal.App.2d 395, 410; *Atherley* v. *MacDonald, Young & Nelson, Inc., supra,* 142 Cal.App.2d 575, 585.) A resolution of these issues presented questions for determination by the trier of fact.

In its brief, the defendant general contractor concerns itself in large measure with the condition of the steel skeleton upon which the roof sheeting was unloaded; contends that it had no specific control over the same, or the manner in which it was being constructed; and, in support of its claim of nonliability, relies upon the rule that a general contractor who ''does nothing more with respect to the work of an independent contractor than exercise general supervision and control to bring about its satisfactory completion is not an employer within the meaning of the safety provisions of the Labor Code,'' and is not required to assure compliance with those provisions which relate to the manner in which the independent contractor performs the operative details of the work. (*Woolen* v. *Aerojet General Corp.,* 57 Cal.2d 407, 413 [20 Cal.Rptr.12, 369 P.2d 708].) The plaintiff does not contest the factual premise upon which this contention is based nor the

general rule relied upon. The fallacy in the defendant's argument lies in the fact that the condition of the premises over which it had actual control, i.e., the ground under and upon which the steel structure was being built, as well as the condition of that structure, may be found to have been concurrent proximate causes of the injuries which the plaintiff received. If such be the fact, the defendant's lack of responsibility for the safe condition of the structure did not relieve it from liability otherwise existent. (*Austin* v. *Riverside Portland Cement Co., supra,* 44 Cal.2d 225, 234; *Stoddard* v. *Rheem, supra,* 192 Cal.App.2d 49, 58-59.) "Liability may be imposed upon a defendant where his negligence is one of several contributing factors, each of which is a proximate cause of the injury," unless one of the contributing factors is the negligence of the plaintiff. (*Westover* v. *City of Los Angeles,* 20 Cal.2d 635, 639 [128 P.2d 350].)

The order of the trial court granting the defendant's motion for a nonsuit was in error, and its order granting a new trial on the ground of that error, was proper.

The order granting a new trial is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.